**Pauline HUTCHINSON, Appellant,**

**v.**

**SKILTON CONSTRUCTION COMPANY, Appellee.**

Court of Appeals of Kentucky.

June 30, 1967.

Lasserre Bradley, Marvin Henderson, Lexington, for appellant.

John W. Morgan, Allen, Duncan, Duncan & Arnold, Lexington, for appellee.

MILLIKEN, Judge. ·

This is an appeal from a judgment of the Madison Circuit Court affirming the action of the Workmen's Compensation Board denying compensation. The appellant is the widow of Roy Hutchinson who resided in Lexington and worked in the construction trade on the campus of Eastern State College in Richmond, Kentucky. He died shortly after arriving upon the job on the morning of March 3, 1965. The medical proof is conclusive that the decedent met his death as a result of "advanced coronary artery arteriosclerosis." An autopsy disclosed that the deceased had a very bad heart condition of long standing —that the wall of the left side of the heart was thickened and there was an aneurysmal dilation of the left ventricle. The testimony is indefinite as to whether the deceased did any work on the morning of his fatal attack. He had had no breakfast except coffee and complained of being very sick at the stomach.

It is contended that we should hold the mere presence on the job, accompanied by the stress and strain that goes with construction employment, is sufficient to support an award where the death is caused by myocardial infarction, commonly referred to as heart attack.

This contention overlooks the fact that the law clearly requires an applicant to meet the burden of proof by showing that the decedent's death from a heart attack was work connected as in Grimes v. Goodlett and Adams, Ky., 345 S.W.2d 47 (1961), and Young v. Eastern Coal Corporation, Ky., 408 S.W.2d 464 (1966), where the medical testimony established that the deaths were work connected, but in Kelly Contracting Company v. Robinson, Ky., 377 S.W.2d 892 (1964), we concluded there was not adequate proof that the fatal heart attack was work connected, commenting that the difference between the Grimes case and this case (Kelly) was in the medical testimony.

This record fails to sustain the burden of proof that the death of Roy Hutchinson was work connected.

The judgment is affirmed.

All concur.