Adam PARKS, Appellant,

v.

BETH–ELKHORN CORPORATION et al., Appellees.

Court of Appeals of Kentucky.

June 27, 1969.

———————

C. A. Noble, Jr., H. B. Noble, Noble & Noble, Hazard, for appellant.

Harry C. Campbell, Pikeville, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellees.

DAVIS, Commissioner.

Adam Parks, a long-time employee in coal mines in eastern Kentucky, presented

application for adjustment of his claim for workmen's compensation based on his assertion of total disability as the result of silicosis contracted during his employment. The Board found as fact that Parks failed to prove to the satisfaction of the Board that he suffers any disability as a result of silicosis or pneumoconiosis. That finding of the Board was affirmed upon Parks' appeal to the circuit court, and he prosecutes this appeal from the judgment of the circuit court contending that it was an error of law for the Board and the circuit court to fail to grant him an award for total disability.

The appellant points out that KRS 342.-004 prescribes liberal construction of questions of law involving workmen's compensation proceedings. This court has often recognized the applicability of that statute. The difficulty in appellant's position is that there was a wide contrariety of medical proof. The issue was not one of law but of fact.

There was medical testimony presented for the appellant supporting his claim of total disability on account of the occupational diseases, silicosis or pneumoconiosis. There was medical testimony in behalf of the employer and the Special Fund specifically refuting the evidence in behalf of the appellant. The Board appointed an independent physician, pursuant to KRS 342.315, who reported that he could find no evidence of silicosis or other pneumoconiosis in the body of the appellant. In this state of case the Board exercised its prerogative as a finder of fact and resolved the factual issue contrary to the position for which the appellant contends.

The rationale of Lee v. International Harvester Company, Ky., 373 S. W.2d 418, and the several decisions which have followed it rules this case and completely refutes the arguments advanced by the appellant. Neither the circuit court nor this court has the authority to overturn the factual finding of the Board unless

it may be said that the Board's finding is clearly erroneous on the basis of reliable, probative, and material evidence contained in the whole record. Shaw v. Sippi Products, Ky., 411 S.W.2d 926; KRS 342.285. It is manifest from the record that the evidence in behalf of the appellant was not so conclusive or overwhelming as to require the Board to find in his favor. Inded, the preponderance of the evidence is to the contrary.

The judgment is affirmed.

All concur.