**John W. YOUNG, Commissioner etc., Appellant,**

v.

**EXPORT COAL COMPANY, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 5, 1971.

Martin Glazer, Department of Labor, James F. Perkins, Department of Labor, Frankfort, for appellant.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, Robert J. Greene, Perry & Greene, Paintsville, for appellees.

STEINFELD, Judge.

Appellee Elzie Caudill, a coal miner, sustained four separate injuries which are involved in his present claim for benefits under the Workmen's Compensation Act. After hearing testimony the board found that Caudill was totally disabled, allowed

him full recovery from his employer and dismissed the Special Fund. The employer appealed to the circuit court claiming that the Special Fund was improperly dismissed. The court reversed, holding that 57.14% of the award should be assessed against the Special Fund. It has appealed—we affirm.

On August 1, 1966, Caudill injured his back and was unable to work for two weeks. Later that month he broke his left wrist. Without making claim he was compensated for those disabilities. On April 15, 1967, he injured his left arm and on July 18, 1967, he injured his back. For the two 1967 injuries he sought compensation benefits. The claims were consolidated for trial and the Special Fund was made a party. Dr. K. Armand Fischer was appointed by the board to examine Caudill (KRS 342.121) and he reported "Apparently the accident of July 18, 1967, aggravated a dormant non-disabling *disease* into disabling reality. (Emphasis supplied.) The patient also sustained some disability as a result of the accident of July 1967". He reported that Caudill " * * * has nerve root compression and sciatica * * * " and was disabled functionally "35 per cent partial permanent disability to the body as a whole of which 5 percent was disability sustained to the wrist as a result of the accident of 1966; 15 per cent due to aggravation of the non-disabling disease of the spine dating to 1966 into disabling reality and 15 per cent due to the accident to the back on July 29, 1967."

Objections to this report were filed only by Caudill. KRS 342.121(4).[1] He made no attack on the statement that a non-disabling *disease* was aroused. Because no objection was filed to this finding it must be accepted even though other medical evidence *may* indicate otherwise [Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403

(1968)], therefore, the board was not authorized to hold, as it did, that a disease condition did not exist.

KRS 342.120(1) (b) provides for apportionment so that the Special Fund will reimburse a " * * * carrier or self-insured employer who is liable for compensation * * * " when the employee's disability is at least in some part due to the arousal of a non-disabling pre-existing disease. Here the only error urged by the Special Fund is that the board having found that a weakness and not a disease contributed to the disability, the court improperly directed apportionment.[2] Appellant relies on Young v. City Bus Co., Ky., 450 S.W.2d 510 (1970), in which we said that a "pre-existing degenerative disc in itself is not a disease condition for which the Special Fund is liable under KRS 342.-120."[3] The Special Fund also relies on Ashland Crafts, Inc. v. Young, Ky., 451 S.W.2d 607 (1970), which says "The fact that they answered questions using the magic words 'dormant non-disabling disease condition' in describing this idea does not raise this imputed condition to the category of a disease condition."

The issue of the presence of "disease" for the arousal of which the Special Fund is liable was removed from consideration because the board appointed physician's report categorically found disease present; no objections even remotely questioning that finding were filed. The finding of the board was thus impermissible under the statute. Ed Hall Drilling Co. v. Profitt, supra. With the record in this posture apportionment was required by KRS 342.120 (1) (b). Cabe v. Bush, Ky., 424 S.W.2d 585 (1968). Cf. Young v. City Bus Co., supra.

The judgment is affirmed.

All concur.

---

1. This section was amended in 1970. Objections are not required.

2. The percentage of apportionment was not questioned.

3. Cf. Cabe v. Splash Dam By-Products Coal Corp., Ky., 416 S.W.2d 361 (1967).