John W. YOUNG, Commissioner, Department
of Labor, et al., Appellants,

v.

SCOTIA COAL COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

March 5, 1971.

Martin Glazer, James F. Perkins, Dept.
of Labor, Frankfort, for appellants.

Richard D. Cooper, Hazard, Ronald G.
Polly, Whitesburg, for appellees.

DAVIS, Commissioner.

This is a workmen's compensation pro-
ceeding involving three appeals numbered
V–74–70, V–97–70, and V–114–70, all of
which will be disposed of in this opinion.

Lauville Gibson filed his claim for work-
men's compensation asserting entitlement
to permanent total disability benefits from
Scotia Coal Company and/or Blue Dia-
mond Coal Company occasioned by an al-
leged work-connected injury sustained on
November 3, 1967. The Special Fund was

made party to the proceeding in light of evidence indicating the possible necessity for apportionment. The Board found that Gibson had sustained a work-connected injury on November 3, 1967, resulting in temporary total disability from that date until January 5, 1968, and awarded recovery of compensation for that period against Scotia. The Board further found Gibson to have sustained permanent partial disability of 80% from January 5, 1968. The Board concluded that one-half of Gibson's permanent partial disability resulted from his injury of November 3, 1967, without reference to any previous disability or dormant, nondisabling, disease condition. Responsibility for that portion of the disability was placed upon the employer. The Board concluded that the other half of the permanent partial disability resulted from the arousal into disabling reality by the injury of November 3, 1967, of a dormant, nondisabling, disease condition imposing liability on the Special Fund on that account.

All parties to the proceeding sought review of the Board's award in the circuit court. The circuit court affirmed the decision of the Board in all respects, from which judgment an original appeal was filed by the Special Fund, and cross-appeals have been filed by the claimant Gibson and by Scotia, his employer.

The Special Fund contends that there was no basis for the Board's imposing any portion of the award on it, since Gibson's pre-existing condition was a degenerative disc condition, not a disease condition. It relies upon this court's ruling in Young v. City Bus Company, Ky., 450 S.W.2d 510.

The employer contends that the claim for compensation should have been dismissed since it was filed too late. KRS 342.270. The employer alternatively contends that the apportionment, as provided by the Board, should be upheld if the court rules adversely on its defense of the statute of limitation.

The employee, Gibson, maintains that the award should be increased to allow him benefits for total permanent disability, expressing the view that the Board properly apportioned part of the liability upon the Special Fund, although asserting that he is entitled to full recovery from either the Special Fund and the employer or the employer alone.

■ The Board found as fact that Gibson sustained a work-connected injury on November 3, 1967. There was substantial evidence to support that finding, although a contrary finding would have been permissible. Gibson's claim for compensation was mailed from Whitesburg on Friday, November 1, 1968, and it was stipulated that the claim would have been received at Frankfort, for delivery in the regular course of the mail on Saturday, November 2, 1968. The Workmen's Compensation Board does not maintain office hours or receive mail on Saturdays or Sundays, so the application was received and filed by the Board on Monday, November 4, 1968, too late, according to the explicit provisions of KRS 342.270. Deeming itself bound by Mary Gail Coal Company v. Rhodes, Ky., 284 S.W.2d 97, the Board held that the claim was timely filed. The employer contends that the decision in the Rhodes case was predicated on the lack of notice to the general public of the Board's practice of the closing on Saturdays without receiving any mail. The employer reasons that the effect of the Rhodes case was to put everyone on notice of this practice by the Board so that the present employee is in a different posture from that of Rhodes. On the other hand, the employee contends that he had a right to rely on the rule of law as announced in Rhodes so that the Board properly rejected the plea of limitation. In the circumstances, the court is of the view that the Board properly rejected the plea of limitation on the strength of Mary Gail Coal Company v. Rhodes. It is noteworthy that CR 6.01 and KRS 446.030(1) (a), as recently

amended, specifically provide that the last day of a time period is to be included in computing the period unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

The medical testimony, including that of Dr. Robert L. Keisler who was appointed to examine the claimant pursuant to KRS 342.121, reflected that Gibson had a pre-existing, degenerative, disc condition which accounted for half of the disability resulting from the work-connected injury. Some of the medical testimony characterized the condition as a nondisabling disease condition. For example, Dr. Stevens, in expressing his finding, testified in part:

"  *   *   * We made an X-ray examination of his lumbar spine which showed a mild thinning of the lower lumbar spaces with some anterior spur formation or osteophytosis. There was some mild calcification in the aorta and there was particular thinning of the L-4, 5 intervertebral disc space."

Dr. Stevens said that the thinning was generalized in all of the interspaces in the lumbar spine, and when asked to what he attributed the thinning he replied, "To chronic degenerative disc disease." The question was propounded to Dr. Stevens, "Was this what is frequently termed a dormant, nondisabling disease condition as revealed by X-ray?" to which he replied, "It can be, yes, sir."

Dr. Keisler, the Board-appointed physician under KRS 342.121, in his report and in his deposition, spoke of finding a pre-existing latent *condition* in Gibson's spine, but he did not describe the pre-existing condition as a nondisabling *disease* condition. On deposition, he stated: "I assumed that some of the changes that I saw on X-ray represent changes of aging and previous alteration of the spine, and arbitrarily estimated that one half of this problem pre-existed and one half is a result of the injury."

In reading the opinion and award of the Board, it is apparent that the Board regarded Gibson's pre-existing condition as attributable to the natural aging process. However, the Board noted that some of the medical testimony had characterized the condition as a "disease" condition, although it erroneously stated that Dr. Keisler so characterized it. Dr. Keisler did not describe the condition as a disease condition. The following excerpt from the Board's opinion fairly discloses the Board's real findings concerning the nature of the pre-existing condition:

"Dr. Keisler also found, as did Dr. David B. Stevens, that the plaintiff suffered from a degenerative disc disease. Both considered that it had been dormant and non-disabling prior to the accident of November 3, 1967, and that the accident on that date lighted the condition into a disabling reality. Dr. Keisler attributed 50% of plaintiff's present disability to this condition which has resulted from a natural aging process. Because one-half of plaintiff's present disability is attributed to the natural aging process, the Special Fund disclaims liability on the basis of Young vs. City Bus Company (presently before the court on a Petition for Rehearing). We have read the opinion of the court in that case. It holds that an employer may pass off part of the risk to the Special Fund only in those instances where the non-disabling, dormant, pre-existing condition is caused by *disease*. The opinion further stated: 'We are of the opinion that a dormant, nondisabling, pre-existing degenerative disc in itself is not a disease condition for which the Special Fund is liable under KRS 342.120. The Special Fund should not be liable for a person's aging process or for normal wear and tear.  *   *   * If industry takes a man as it finds him, then the employer should bear the risk in such situations and not the Special Fund.' This holding is contrary to KRS 342.120(3) which holds the employer liable only to the extent of the subsequent injury or

occupational disease. If a dormant, non-disabling, pre-existing degenerative disc is not a disease condition for which the Special Fund is liable under KRS 342.120, it would seem to follow that such a disc is one for which the employee could not be compensated. We find no statutory authority for placing such liability on the employer. Nor do we believe that the legislature or the court intends for the employee to go uncompensated in such cases."

Immediately following the just-quoted portion of the opinion and award, the Board set out its finding of facts which included the following:

"4. On November 3, 1967, the plaintiff had a pre-existing, dormant, non-disabling degenerative disease condition of his spine which was capable of being, and was, aroused into disabling reality by the accident and injury of said date." It seems evident that the Board's holding that the condition was a disease condition, in face of the excerpt just quoted, was clearly erroneous. In short, the Board recognized that this court had held in Young v. City Bus Company, Ky., 450 S.W.2d 510, that a degenerative disc condition, attributable to the aging process and natural wear and tear, is not a disease condition within the meaning of KRS 342.120(1) (b). However, the Board apparently believed that the holding in City Bus Company (then pending on petition for rehearing) would be withdrawn. Thus, it is reasonable to conclude that the Board's finding that the condition was a "disease" condition reflected the Board's estimate of the proper statutory construction. There was nothing in the medical testimony to warrant a finding that Gibson's degenerative disc condition was medically distinguishable from the condition in Ray's back, the claimant in Young v. City Bus Company. It should be noted also that the Board's

view expressed in the quoted excerpt is erroneous in suggesting that the effect of Young v. City Bus Company will result in noncompensability by virtue of KRS 342.-120. When the Board finds as fact that a pre-existing, nondisabling condition was not a disease condition, then KRS 342.-120(1) (a) and (b) are not applicable, nor is any other portion of KRS 342.120 applicable. It follows that there is no legal inhibition for imposition of compensation liability upon the employer resulting from the ruling in Young v. City Bus Company.

As noted, the employee maintains that the Board erred in not awarding him compensation for total permanent disability. It is sufficient to observe that the medical testimony warranted the Board's finding of less than total disability. The evidence in behalf of the claimant was not so strong as to impel a finding of total disability. In these circumstances, the finding of the Board will not be disturbed. KRS 342.285(3).

For the reasons stated, the judgment is reversed insofar as liability is imposed upon the Special Fund, with directions to enter a new judgment directing the Board to dismiss the claim against the Special Fund. The judgment is reversed insofar as the extent of liability against the employer is limited to one half of the award, with directions to remand the proceedings to the Board for entry of a proper award against the employer for the entire amount of compensation awarded. The judgment is affirmed insofar as it rejects the defense of the statute of limitation. The judgment is affirmed to the extent that it denies the employee's claim for an award greater than that fixed by the Board.

The judgment is reversed in part and affirmed in part with directions to enter a new judgment consistent with the opinion.

All concur.