John W. YOUNG, Commissioner, etc.,
Appellant,

v.

GARDNER OLDSMOBILE, INC. et al.,
Appellees.

Court of Appeals of Kentucky.

March 5, 1971.

Martin Glazer, Thomas R. Emerson, James F. Perkins, Dept. of Labor, Frankfort, for appellant.

Leslie W. Morris, II, Stoll, Keenon & Park, John W. Collis, Anggelis & Vimont, Lexington, for appellees.

STEINFELD, Judge.

Appellee, Stanley Veach Chasteen, Sr., a 62-year-old automobile mechanic, injured his back on October 24, 1968, in a work-connected accident while employed by appellee, Gardner Oldsmobile, Inc. Chasteen had been an automobile mechanic all of his working life although he had suffered from Parkinson's disease since birth. That disease manifested itself by a trembling of his hands. After his injury this condition had worsened.

Chasteen made claim for benefits under the Workmen's Compensation Act and later the Special Fund was made a party. KRS 342.120. Dr. K. Armand Fischer was appointed to examine the claimant and report to the board. KRS 342.121. He reported that "* * * it does not look like a severe type of Parkinson's disease although it may be * * * It is my opinion that this patient has a neurological disturbance as evidenced by the tremors of both hands, with a severe tremor on the right side and this is a factor in his disability. It could be a very severe factor, especially when one is a mechanic. The deformities of his hands in my opinion are more due to arthritis than anything else. He gave a history of having injured his right hand in 1967, but he has the same condition on both sides so I attribute this to arthritis and not due to occupational accident." He also reported that the claimant had marked degeneration of several lumbar discs.

In estimating disability the doctor assigned none to the Parkinson's disease. He reported that Chasteen was 30% disabled to the body as a whole, that he had no active disability prior to the 1968 injury. He attributed one-half (15%) of the disability to the arousal by the injury of a preexisting dormant arthritic condition of the discs in Chasteen's spine and the other one-half (15%) to the injury. Chasteen filed objection to the report [KRS 342.121 (4)] attacking that part which estimated that he had only a 30% permanent partial

disability. No other objections were made. The two other doctors who testified expressed the opinion, among other things, that the major portion of the claimant's disability was due to the arousal into disabling reality of the Parkinson's disease.

The board found Chasteen was totally and permanently disabled. Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968). It concluded that 50% was due to the "* * * preexisting, dormant, nondisabling disease condition, arthritis of his spine and degeneration of the discs * * * which was capable of being, and was, aroused into disabling reality by (the) injury * * *". It assessed medical benefits on the employer and imposed the remaining liability equally between the employer and the Special Fund. The employer appealed to the circuit court (KRS 342.-285) which reversed, finding that at least 70% of the disability was due to the arousal of the Parkinson's disease and that the back injury was responsible for no more than 15% of the disability. It directed the board to make an apportionment of the award consistent with its findings. From that judgment the Special Fund appeals. KRS 342.290. We reverse.

 The report of the board-appointed physician eliminated Parkinson's disease in assessing disability. Absent an objection that conclusion was binding on the board. KRS 342.121(4). Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403 (1966). The board was restricted by that medical conclusion and was bound by Dr. Fischer's determination that the injury and the preexisting spinal degeneration caused all the post-injury disability even though there was medical evidence to the contrary. Young v. Export Coal Co., Ky., 463 S.W.2d 116 (decided February 5, 1971).

In Young v. City Bus Co., Ky., 450 S.W.2d 510 (1969), we held that "* * * a dormant, nondisabling, preexisting degenerative disc is not a disease condition for which the Special Fund is liable under KRS 342.120. The Special Fund should not be liable for a person's aging process or for normal wear and tear." This holding was repeated in Young v. Scotia Coal Company, Ky., 464 S.W.2d 796 (decided March 5, 1971). Also see Proven Products Sales and Service Co. v. Crutcher, Ky., 464 S.W.2d 800 (decided March 5, 1971). The Special Fund did not appeal to the circuit court, therefore, it cannot and does not attempt to escape liability for the 50% imposed on it by the board.

 The medical report supported the award of the board. It was impermissible for the circuit court to substitute its judgment on issues of fact. KRS 342.285(3). Miller v. Olin Mathieson Chemical Corp., Ky., 398 S.W.2d 472 (1965); Wiard v. Ken-Wel, Inc., Ky., 419 S.W.2d 765 (1967) and Pittsburg and Midway Coal Mining Co. v. Rushing, Ky., 456 S.W.2d 816 (1969).

The judgment is reversed with directions to reinstate the award made by the board.

All concur.