**Naomi WITT et al., Appellants,**

v.

**GREER BROTHERS & YOUNG, INC.,
et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1971.

Denver Adams, Hyden, for appellants.

J. W. Craft, Jr., Craft & Haynes, Hazard, J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for appellees.

VANCE, Commissioner.

In this workman's compensation case the widow and dependent children of Theo Witt filed an application for benefits for Witt's death which occurred in the course

of his employment with the appellee. The claim was denied by the Workmen's Compensation Board and the order denying the claim was upheld by the Harlan Circuit Court.

Theo Witt was an employee of Greer Brothers & Young, Inc., a construction contractor. He operated a grader and on October 10, 1967, at about 1:00 P.M. he was found sitting on the ground by the grader blade seriously ill. He was taken to a hospital where he died a few hours later from a cerebral hemorrhage.

The evidence in behalf of the widow and children showed that he was in good health when he went to work on that particular morning and remained in good health during the morning when he was operating his grader. The precise moment that he was struck by the hemorrhage is not know since he was working alone at the time. There is no medical evidence in the record except a copy of the death certificate.

The only question presented on this appeal is whether the evidence is so strong as to causation to require an award. Appellant relies upon Blair Fork Coal Company v. Blankenship, Ky., 416 S.W.2d 716 (1967). In that case an award was sustained on the basis of circumstantial evidence indicating the employee met his death by electrocution. The case is distinguishable because there an award was made by the board whereas in this case compensation was denied by the board.

■■■ In cases where the board makes an award the question with respect to the evidence is whether there is sufficient probative evidence to sustain the award. But where the board fails to make an award the question becomes whether the evidence is sufficiently strong as to compel a finding for the employee or so persuasive that it would be clearly unreasonable for the board not to be persuaded by it. Semet-Solvay Div. of Allied Chemical Corp. v. Workmen's Compensation Board, Ky., 410 S.W.2d 405 (1967).

In Kelly Contracting Company v. Robinson, Ky., 377 S.W.2d 892 (1964) this court held that the Workmen's Compensation Board cannot assume a work-connection in heart cases simply by reason of the workman's presence on the job at the time of the attack.

■■ Hutchinson v. Skilton Construction Company, Ky., 417 S.W.2d 142 (1967) involved facts similar to the case at bar. There an employee working in the construction trade died from coronary arteriosclerosis shortly after arriving on the job. In passing upon the contention that his presence upon the job established sufficient work-connection, this court said:

"It is contended that we should hold the mere presence on the job, accompanied by the stress and strain that goes with construction employment, is sufficient to support an award where the death is caused by myocardial infarction, commonly referred to as heart attack.

"This contention overlooks the fact that the law clearly requires an applicant to meet the burden of proof by showing that the decedent's death from a heart attack was work connected as in Grimes v. Goodlett and Adams, Ky., 345 S.W.2d 47 (1961), and Young v. Eastern Coal Corporation, Ky., 408 S.W.2d 464 (1966), where the medical testimony established that the deaths were work connected, but in Kelly Contracting Company v. Robinson, Ky., 377 S.W.2d 892 (1964), we concluded there was not adequate proof that the fatal heart attack was worked connected, commenting that the difference between the Grimes case and this case (Kelly) was in the medical testimony."

In Hudson v. Owens, Ky., 439 S.W.2d 565 (1969), we held that the issue of causation

in heart attack cases was a question of fact not to be determined or controlled upon the basis of medical evidence alone but rather upon the basis of all relevant evidence. We said:

"The determination made by the board of this issue of causation on all relevant evidence, including the medical evidence, may then be tested in accordance with our accepted principles of judicial review which are plainly expressed in our compensation law and which this court has consistently followed. The claimant has the burden of proof and the risk of persuading the board in his favor. If the board finds against the claimant, the proper issue, so far as factual findings are concerned on judicial review, is whether the claimant's proof was so strong as to *compel* a finding in his favor—so persuasive that it was clearly unreasonable for the board not to be convinced by it. See Kavanaugh v. Atlas Tack Corp., Ky., 432 S.W.2d 399. If, on the other hand, the board makes a factual finding in favor of the claimant, then such finding will be binding on judicial review if it was supported by substantial evidence. Lookout Coal Co. v. Williams, Ky., 424 S.W.2d 591.

"To the extent only that Grimes v. Goodlett and Adams, supra, and our other cases following and cited herein might be taken to indicate views inconsistent herewith, they shall be considered modified."

This case falls within the rule of Hudson v. Owens, supra. On the basis of all of the evidence the board was not convinced that the cerebral hemorrhage sustained by the employee was caused by any work-connected event. We cannot say that the board was compelled to reach any other conclusion from the evidence.

The judgment is affirmed.

All concur.