MANCHESTER COALS, INC., and Travel-
ers Indemnity Company, Appellants,

v.

Tink SMITH et al., Appellees.

Court of Appeals of Kentucky.

Oct. 29, 1971.

Robert L. Milby, Hamm, Taylor, Milby
& Farmer, London, for appellants.

Neville Smith, Manchester, Thomas R.
Emerson, Department of Labor, Frankfort,
Gemma M. Harding, Department of Labor,
Louisville, for appellees.

NEIKIRK, Judge.

Tink Smith sustained an injury to his
low back area as a result of an accident
arising out of his employment with Man-
chester Coals, Inc. Smith had suffered an
injury to his back nearly seven years prior
to the injury for which claim is now being
made. Although Smith had made no formal
claim for the first injury, he was paid
compensation based on 10% permanent
partial disability. That award was ap-
proved by the Workmen's Compensation
Board.

The Board found that Smith on the date
of the second injury had a permanent par-
tial disability of 10% to his body as a
whole, stemming from the prior injury,
and that as a result of the second injury
Smith had sustained permanent partial dis-
ability of 90% to his body as a whole. An
award was entered accordingly. The
Board found that Smith did not have a
pre-existing dormant nondisabling disease
condition capable of being aroused into dis-
abling reality by a subsequent injury, and

dismissed the Special Fund. Upon an appeal by the employer, the Clay Circuit Court affirmed the Board. Manchester Coals, Inc., and its insurer, Travelers Indemnity Company, appeal.

Appellants contend that there was no competent medical evidence to support the award and that we should reverse the Clay Circuit Court and the award of the Board and assess all compensation, if any, against the Special Fund.

■ Because of the prior injury, the Special Fund was made a party by the Board, and Dr. Robert Keisler was appointed to examine Smith. Dr. Keisler, in his report, stated that he found a mild transitional abnormality of the lumbosacral spine, but "it is probably of no consequence." He attributed all of Smith's disability to the second injury. Objections to the report were overruled by the Board. The Board followed Dr. Keisler's report. The Board did not err in dismissing the Special Fund. KRS 342.121. Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403.

■ We have examined the record and find that there is competent probative evidence sufficient to support the findings of fact upon which the Board based its award. We have stated repeatedly that the Board is the finder of fact where there is contradictory evidence, and we will not substitute our judgment for that of the Board on issues of fact. Young v. Gardner Oldsmobile, Inc., Ky., 464 S.W.2d 802.

■ Appellee Smith, in his brief, contends that he should have been allowed to recover for total and permanent disability and that the Board erred in computing certain credits allowed the appellants for compensation paid. Appellee Smith did not cross-appeal from the judgment of the Clay Circuit Court; therefore, we cannot consider these contentions on this appeal.

The judgment is affirmed.

All concur.