**COWDEN MANUFACTURING COMPANY**
**et al., Appellants,**

**v.**

**Cledith FULTZ et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 5, 1971.

W. R. Patterson, Jr., Landrum & Patterson, Lexington, for appellants.

Stanley R. Hogg, Creech & Hogg, Ashland, for appellees.

NEIKIRK, Judge.

The Workmen's Compensation Board awarded Cledith Fultz compensation for permanent and total disability. The award was against Cowden Manufacturing Company, his employer. Cowden Manufacturing Company and its insurer appealed the award to the Carter Circuit Court, which entered judgment affirming. Cowden and its insurer appeal. We affirm.

Fultz was employed by Cowden as a makeup and bundle boy. He was required to lift, carry, and stack in overhead racks bundles of clothing weighing 75 pounds. The stacking required him to lift the bundles to heights over his head. On or about August 12, 1966, Fultz became aware of a burning sensation and swelling in his right arm. On August 15, 1966, he was sent by Cowden to the company doctor for treatment. During the following 22 months he was treated by several physicians. The common diagnosis was that Fultz had thrombophlebitis, or blood clot, of the right subclavian vein. He quit his employment due to his injury and personal problems in July 1967. After he left his employment with Cowden, he worked for other employers, doing heavy manual labor. He did not hold any one job for more than a few months. He testified that he was forced to quit all of them because of his injured arm. Cowden made voluntary payments of compensation to Fultz, for temporary total disability, for the period from August 13, 1966, to October 30, 1966.

On July 16, 1968, Fultz filed an application for adjustment of claim against Cowden and its insurer. He alleged that he was injured in the course of his employment with Cowden on August 12, 1966. Cowden and its insurer filed a special answer, stating that the Board should dismiss the claim as it was not timely filed within the applicable statute of limitations. The Board refused this special defense, and on appeal to the Carter Circuit Court the cause was remanded to the Board on the grounds that all claims had not been adjudicated. After proof of all issues was taken, the case was again submitted to the Board.

Cowden contended that Fultz' voluntary benefits ran out on November 28, 1966, the date on which he *received* his last voluntary payment; that he had one year in which to file his claim; that his claim was not filed until July 16, 1968; and, therefore, the claim should be dismissed as it was barred by the statute of limitations. Fultz contended that the statute of limitations was tolled by reason of representations made to Fultz, between November 28, 1966, and May 1968, by Mrs. Lois Ramey, personnel director for Cowden, in conversations in which the two had discussed the status of his claim for compensation. The Board found that these conversations and the representations made by Mrs. Ramey lulled Fultz into believing that his claim would be paid.

In a case such as we have here, we require the claimant to show that the employer or the insurance carrier made false representations to the claimant about his claim and that these false representations lulled the claimant into not filing his claim within the prescribed time limit. Cambron v. Co-Operative Distributing Company, Ky., 405 S.W.2d 687. The Board found that the statements made to Fultz by Mrs. Ramey "were in the category of false representations." This is a factual issue, and we will not substitute our judgment for that of the Board on issues of fact. Young v. Gardner Oldsmobile, Inc., Ky., 464 S.W.2d 802.

Cowden insists that the finding of the Board that the statements "were in the category of false representations" does not constitute a specific finding of fact, as required by KRS 342.275. The use of the words "in the category of" did not keep the finding from being specific. Cowden is estopped to rely on the statute of limitations.

Cowden argues that Fultz failed to prove a causal relationship between his disability and the work-connected injury. There is ample evidence to support the conclusion that the disability was caused by the injury. The Board's findings, supported by substantial evidence, will not be disturbed. Parks v. Beth-Elkhorn Corporation, Ky., 442 S.W.2d 589; Hudson v. Owens, Ky., 439 S.W.2d 565.

We are asked to reverse this case on the ground that the Board applied a liberal presumption in favor of Fultz in order to resolve an inability on the part of the doctors to ascertain the cause of the disability and to thus resolve the question of compensability in favor of Fultz. As we read the Board's opinion, the Board did not apply a liberal presumption in determining the fact of Fultz' disability; the Board merely construed the statute liberally in determining whether and to what extent Fultz' disability was compensable un-der the statute. When questions of law are presented, the Workmen's Compensation Act must be construed liberally, and strict construction of the statutes in derogation of the common law is prohibited. KRS 342.004.

The contention by Cowden is without merit that the Board's application of a liberal construction in favor of Fultz contravenes Cowden's rights to due process and equal protection of the law afforded by the Fourteenth Amendment to the United States Constitution and Section 3 of the Constitution of the Commonwealth of Kentucky. Practically all jurisdictions have held that workmen's compensation Acts must be given a liberal construction in favor of employees. 99 C.J.S. Workmen's Compensation § 20, page 112. The constitutionality of Kentucky's Workmen's Compensation Act was upheld in 1916. Green v. Caldwell, 170 Ky. 571, 186 S.W. 648.

Cowden claims that the evidence establishes that Fultz' present disability was caused, or seriously aggravated, by his failure to submit to or follow competent medical aid or advice, and thus under KRS 342.035(2) no benefits should have been allowed. Suffice it to say that the Board found that Fultz under all the circumstances present in this case did not unreasonably fail or refuse to submit to competent medical treatment and advice. The evidence was conflicting, and was not so strong for the employer as to require a finding for the employer on this issue.

Cowden also contends that the Board erred in overruling its motion to make the Special Fund a party. There was no evidence to establish as a fact that Fultz had a pre-existing nondisabling dormant disease condition such as blood clotting prior to his injury. There was some testimony that there might exist a possibility of such a disease. Here, we have a mere suggestion of a possibility that Fultz had a pre-existing clotting condition caused by disease. The Board did not err in refusing to make the Special Fund a party.

Cowden contends that the Board committed reversible error in finding that Fultz was entitled to compensation for total and permanent disability. Cowden points out that Fultz, after his injury, made some efforts to work at heavy manual labor for which he received equal or better wages. This case was filed prior to Osborne v. Johnson, Ky., 432 S.W.2d 800. The holding as set forth in Leep v. Kentucky State Police, Ky., 366 S.W.2d 729, is controlling in the instant case. There is evidence that Fultz will never be able to do the manual labor required in his job classification.

On the basis of all the evidence, the Board made factual findings in favor of Fultz. The findings are amply supported by substantial evidence. Witt v. Greer Brothers & Young, Inc., Ky., 465 S.W.2d 286.

The judgment is affirmed.

All concur.