**BETH–ELKHORN CORPORATION, Appellant,**

v.

**John W. YOUNG, Commissioner of Labor, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 3, 1971.

---

Harry C. Campbell, Pikeville, for appellant.

Thomas R. Emerson, Dept. of Labor, Frankfort, Kelsey E. Friend, Jr., Pikeville, for appellees.

REED, Judge.

John Short, a coal miner employed by Beth-Elkhorn Corporation, claimed workmen's compensation benefits for total and permanent disability. He injured his back on June 12, 1969 and was only able to work a total of two hours after the traumatic injury; Short also alleged that he became totally disabled by silicosis on June 22, 1969. He filed his claim for maximum compensation benefits as a result of the traumatic injury and the occupational disease on July 1, 1969. The board found that the traumatic injury and the occupational disease *each* produced "a 100% disability." The board in its written opinion stated that " * * * an award for compensable (sic) benefits for his silicotic condition takes precedence over an award for his injury." Since the plaintiff's disability from silicosis was not conclusively proven to be the result of his last exposure, the board imposed the entire liability for the payment of benefits on the Special Fund. KRS 342.316(13) (a).

The Fund appealed to the circuit court, and the board's decision was reversed. The circuit court held that Short's employer at the time of his traumatic injury was responsible for the disability that flowed from the injury. The case was ordered remanded to the board with directions to enter an award against Beth-Elkhorn, Short's employer, for maximum compensation benefits from June 12, 1969 with credit allowed for any prior compensation payments made by the employer, and to further provide that if the disability flowing from the injury ceased before the expiration of 425 weeks (the statutory duration of an award for total and permanent disability), then the Special Fund should pay the compensation benefits for such total disability as then persisted from silicosis until the combination of payments had been paid for a total period of 425 weeks. The employer has appealed the circuit court's decision to this court.

The employer argues that the circuit court usurped the fact-finding function of the board. The Fund replies that the circuit court merely applied the law announced in Estep Coal Company v. Ward, Ky., 421 S.W.2d 367, to the facts that had been found by the board.

Although the employer cites Twin Peak Coal Company v. Woolum, Ky., 467 S.W.2d 134, that case did not consider nor did the parties argue the issue with which we are here concerned. In Woolum the board

found that the claimant had silicosis in a totally disabling stage on a date preceding an alleged traumatic injury for which no claim had been made. The issue argued was whether the award to the affected employee should have been reduced to the extent of partial disability, which the employer claimed was present and was caused by the traumatic injury, by reason of the apportionment statute (KRS 342.120). In dealing with the apportionment issue, we sustained the board's finding that the alleged traumatic injury which, it was claimed, caused some partial disability was a *subsequent* injury and not a *prior* injury. In the present case, however, by the board's own findings no problem of construction of the apportionment statute (KRS 342.120) is involved and that statute is simply not applicable.

In Estep Coal Company v. Ward, Ky., 421 S.W.2d 367, we were confronted with a situation where the claimant was awarded benefits for disability that resulted from a traumatic injury; subsequently, on a reopening of the award, he was found to be suffering from the effects of the occupational disease, silicosis, as well as enhanced disability caused by the traumatic injury. The employer asserted that the payment of benefits should be allocated so that one-half of the payments would be payable by the Fund and the other half by the employer. We rejected the contention. In the Ward opinion we said, "The disability for which the employer is liable is that which flows from the accident and which would have flowed from the accident quite apart from the occupational disease feature of the case. We are unable to discern any statutory intent to impose liability on the Special Fund and diminish the responsibility of the employer by the fortuitous circumstance of the silicotic condition present in this case."

It is significant to note that the board found that the traumatic injury, in itself, was sufficient to cause the claimant's total disability. It is clear that the traumatic injury was the event that caused Short to leave the labor market. The presence of silicosis was also found to be sufficient in itself to cause total disability. Therefore, our problem is not apportionment but a policy decision concerning where the liability for payment must fall in the absence of specific legislative direction. We consider that this policy determination was made in Estep Coal Company v. Ward, 421 S.W.2d 367. When the entire statutory scheme is considered, the liability must rest with the employer in the situation presented by the case. The circuit court properly applied the law to the board's factual findings.

The judgment of the circuit court is affirmed.

All concur.