John W. YOUNG, Commissioner of Labor, etc., et al., Appellants,

v.

ISLAND CREEK COAL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Dec. 17, 1971.

Gemma M. Harding, Dept. of Labor, Louisville, Kelsey E. Friend Law Firm, Pikeville, for appellants.

Fred G. Francis, Prestonsburg, for appellees.

NEIKIRK, Judge.

On April 30, 1969, Elmer C. Helton, a coal miner, filed a claim with the Workmen's Compensation Board, alleging that he had become afflicted with silicosis and was totally and permanently disabled as of April 7, 1969. On June 30, 1969, he filed a second claim, alleging that he was totally and permanently disabled due to two injuries sustained to his lower back area in the course of his employment on September 20, 1968, and February 24, 1969, respectively.

In its opinion and award of January 4, 1971, the Board found Helton to be totally and permanently disabled as a result of the February 24, 1969 injury. The Board also found Helton to be totally and permanently disabled as of April 7, 1969, as a result of having contracted silicosis. The Board's order, in effect, placed on the employer, Island Creek Coal Company, the liability for the compensation. The employer's petition to the Board for reconsideration was overruled. On appeal, the Floyd Circuit Court reversed the opinion and award of the Board. From this judgment the Special Fund and Helton appeal.

Two issues are presented for our consideration on this appeal: (1) Whether the evidence supports the findings of the Board as to Helton's being totally and permanently disabled as a result of his back injury; and (2) the correctness of the Board's finding that the total award for the back injury took precedence over the total award for the silicotic condition.

Concerning the back injury, the Board-appointed physician, Dr. Robert Sexton, found that Helton sustained a 40% permanent partial disability as a result of the two back injuries. Dr. Sexton's report gave no indication that Helton was suffering from any pre-existing nondisabling disease at the time of these injuries. In the opinion of Dr. George P. Archer, Helton would have made a complete recovery from his back injuries and would have been able to return to work had he not been suffering from Parkinson's disease and silicosis. Dr. Russell Meyers testified that the claimant had sustained a 15% permanent partial disability due to his back injuries. He attributed 85% permanent partial disability to what he called a pre-existing disease condition (degenerative hypertrophic arthritis) which was brought into disabling reality by the injury sustained on February 24, 1969.

The medical testimony is conflicting. It is obvious to us that the Board considered all the evidence but gave more weight to the medical evidence in Dr. Sexton's report, discounted the medical evidence of a pre-existing disease condition, and translated Dr. Sexton's findings of 40% functional disability into 100% occupational disability. We find the evidence ample to support the findings of the Board as to these facts. Therefore, the circuit court was in error in finding that Helton was only partially disabled from the injury. KRS 342.285. Young v. Gardner Oldsmobile, Inc., Ky., 464 S.W.2d 802; Witt v. Greer Brothers & Young, Inc., Ky., 465 S.W.2d 286; Manchester Coals, Inc. v. Smith, Ky., 472 S.W.2d 468.

The Board did not err in finding that the total award for the back injury took precedence over the total award for the silicotic condition. Estep Coal Company v. Ward, Ky., 421 S.W.2d 367; Beth-Elkhorn Corporation v. Young, Ky., 474 S.W. 2d 64 (decided December 3, 1971).

The judgment is reversed, with direction that the opinion and award of the Workmen's Compensation Board be reinstated.

All concur.