**Viola S. WAGNER, Appellant,**

v.

**DEPARTMENT OF EDUCATION,
STATE PERSONNEL
BOARD, Appellee.**

Supreme Court of Kentucky.

April 1, 1977.

Robert M. Braden, Corbin, for appellant.

Robert F. Stephens, Atty. Gen., Carl T. Miller, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

Appellant was a vocational education teacher at the Pineville School of Practical Nursing. Her employment was terminated, not because she was deficient in her work as a teacher but because of friction engendered by conflicts between appellant and her immediate superior, who was the coordinator of the school. Appellant was then discharged by the Superintendent of Public Instruction. She proceeded to a hearing before the State Personnel Board (KRS 18.-270), which approved her termination. From thence she appealed to the Franklin Circuit Court (KRS 18.272), where the termination was again sustained. Hence, this appeal.

Appellant contends that the procedure followed by the State Department of Education in effecting her termination violated the Fifth and Fourteenth Amendments to the Constitution of the United States of America (due process).

Viola S. Wagner was employed in what the State Merit System identifies as a "classified position." KRS 18.110(5). KRS 18.-210(16) provides that a person in such position may be discharged or reduced in rank after being presented with reasons in writing for the discharge or reduction. The responsibility for carrying out the program of vocational education and rehabilitation (KRS, Chap. 163) is vested in the State Board of Education. KRS 163.030. Although the Superintendent of Public Instruction is given general supervision of the personnel, the dismissal of appellant "shall be with the approval of the State Board of Education." KRS 163.050. The appellant does not challenge the constitutionality of the statute providing for her discharge, rather her challenge is directed at the procedure followed in bringing about the termination of her employment.

Appellant is entitled to a due process hearing and anything less than that is insufficient. *American Beauty Homes Corp. v. Louisville, etc.,* Ky., 379 S.W.2d 450 (1964); *City of Louisville v. McDonald,* Ky., 470 S.W.2d 173 (1971).

There were many conferences between representatives of the State Department of Education and appellant and much correspondence, discussions and informal hearings in which an effort was made to amicably dispose of the conflict that had arisen between appellant and the school's coordinator. By letters dated April 22, 1974, and May 13, 1974, appellant was advised in writing of the charges made against her. She had an evidentiary-type hearing before the State Personnel Board on August 7, 1974, at which she and her attorney were present. Eleven persons testified, all of whom, except three, were cross-examined by counsel for appellant. Appellant was afforded the opportunity to testify, but did not. The testimony was stenographically reported and a certified copy of the transcript is filed in these proceedings. Appellant was duly notified of the findings and decision of the State Personnel Board, and within thirty days she filed her petition and appeal with the circuit court. Due process does not mean that at every step of the way there must have been a due process hearing. A due process hearing means that at some time in the course of the administrative proceedings there must have been a due process hearing. The record clearly reflects that appellant was afforded a due process hearing before the State Personnel Board.

By letter of April 22, 1974, the Superintendent of Public Instruction notified appellant that her employment would be terminated as of May 10, 1974. The superintendent is authorized to hire and fire, but such action must have the approval of the State Board of Education. KRS 163.050(1). This statute does not provide that the hiring or firing must be with the prior or subsequent approval of the Board. Appellant charges that her discharge was not effective until approved by the Board. In the event a dismissal can legally only be effected by the subsequent approval of the State Board of Education, as contended by appellant, then any attempt at firing by the superintendent would in fact be ineffective inasmuch as it must await a meeting of the State Board of Education for its approval. This certainly would limit the ability of the superintendent to effectively carry out the vocational education and rehabilitation program. On the other hand, if the superintendent can effectively discharge a person and thereafter have the dismissal approved by the State Board of Education, this could place the Board in the posture of perfunctorily approving the action of the superintendent or taking up arms against it and, by its overriding authority, overthrow it and direct a reinstatement with all its attendant implications. We can only guess what the legislature had in mind, but, without doubt, the legislature meant for the vocational education program to be operated in as orderly and effective manner as possible. To do so, the superintendent must be given the privilege of exercising great latitude with regard to personnel, bearing in mind that the State Board of Education approves or disapproves of his action. We are of the opinion that the Superintendent of Public Instruction may effectively hire or fire an employee, with his action being subsequently submitted to the State Board of Education for its approval or disapproval.

Appellant was notified in writing of the reasons for her discharge, regardless of whether her dismissal was effective on May 10, 1974, or whether it became effective when it was approved by the State Board of Education on June 18, 1974. Appellant had a hearing before a hearing officer of the State Personnel Board, at which there was a taking and weighing of evidence, a finding of fact based upon consideration of the evidence, and the making of an order supported by substantial evidence and from which a judicial review is provided.

KRS 18.210(16) provides as follows:

"For discharge or reduction in rank or grade only for cause, *after* the person to be discharged or reduced *has been presented with the reason for such discharge* (emphasis ours) or reduction stated in writing, and has been allowed a reasonable time to reply thereto in writing, or, upon request, to appear personally with counsel and reply to the head of the department or his deputy. The statement of reasons and the reply shall be filed as public record with the commissioner."

The provisions of this statute may not have been followed to the letter of the law, but appellant had a due process hearing by the State Personnel Board, where her dismissal was sustained.

Next, appellant alleges that there was no proof offered to substantiate the charges that were the bases for her termination. Counsel for appellant, throughout his brief, states that there is no proof whatever to substantiate any of the charges against the appellant.

A reading of the transcript of testimony of the hearing held August 6, 1974, before a hearing examiner of the State Personnel Board discloses that appellant was not cooperative with her superiors and, as a matter of fact, was insubordinate to them. Appellant was afforded the opportunity to testify and refute the charges, but she chose not to do so. We assume, therefore, that had she testified, her testimony would have corroborated the charges. Even though appellant contends that there is no proof to substantiate the charges, we have read the proof and are convinced that there is sufficient evidence to support the action of the Board. In *Taylor v. Coblin*, Ky., 461 S.W.2d 78 (1970), we said:

"If there is any substantial evidence to support the action of the administrative agency, it cannot be found to be arbitrary and will be sustained. * * *"

Had there not been substantial evidence, then the action of the State Board of Personnel would have been arbitrary and could not be sustained. In view of our findings, however, the action of the Board must be sustained. We cannot substitute our findings for that of the Board where its findings are supported by evidence of a substantial probative nature. *Cowden Manufacturing Company v. Fultz,* Ky., 472 S.W.2d 679 (1971).

The judgment is affirmed.

All concur.