**PEABODY COAL COMPANY, Appellant,**

v.

**Edgie C. BURKS, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

March 24, 1978.

As Modified On Denial of Rehearing June 16, 1978.

Thomas L. Ferreri, Mills, Mitchell, Turner & Donan, Madisonville, for appellant.

Sidney H. Hulette, Ruark & Hulette, Morganfield, for appellee, Edgie C. Burks.

John Riehl, Jr., Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellee, Special Fund.

Before GANT, COOPER and PARK, JJ.

GANT, Judge.

The appellee and claimant, Edgie C. Burks, filed two separate Applications for Adjustment of Claims with the Workmen's Compensation Board. The first claim was filed April 8, 1975, alleging total disability from the occupational disease of pneumoconiosis occurring on October 1, 1973, the last day of employment. The second claim was filed April 29, 1975, three weeks after the first claim, alleging total disability from injury occurring on the last day of employment. The Board entered an order holding the injury claim in abeyance until consideration of the occupational disease case and entered an order in the latter case finding the claimant totally disabled due to pneumoconiosis, awarding $63.00 per week for 425 weeks, apportioned 75% to the Special Fund and 25% to the employer. Ten weeks later the Board entered an order removing the injury claim from the abeyance order and consolidated it with the occupational disease claim. In February, 1977, the Board found the claimant totally disabled from his job-related injury and assessed the entire award against the employer. The Board further ordered that the claimant must draw his compensation for his injury claim first. The employer appealed, asking that the occupational disease award be paid first for 425 weeks and that the injury award be held in abeyance. The Union Circuit Court dismissed the petition for review and affirmed the opinion and award of the Board. We agree with this action.

 The appellant urges four grounds for reversal of the lower court. First, he argues that the 1972 amendments to the Workmen's Compensation Law negated the holding of the court in *Estep Coal Company v. Ward*, Ky., 421 S.W.2d 367 (1967); *Beth-Elkhorn Corp. v. Young*, Ky., 474 S.W.2d 64 (1971); and *Young v. Island Creek Coal Co.*, Ky., 474 S.W.2d 350 (1971), by redefining compensable injuries. KRS 342.620(1) and KRS 342.610(1). We cannot agree. The amendments referred to still delineate between injury and occupational disease although including the latter in the definition of the former. The reason for this inclusion was obviously to save verbiage and confusion in the other sections of the statute. Injury and occupational disease are treated in the same manner by the statutes but are not the same. They are entirely separate phenomena. Traumatic injuries occur suddenly and usually result in abrupt cessation of work while occupational diseases progress gradually and it is customarily difficult to determine at what point work must cease. When traumatic injuries and ripening of occupational disease occur simultaneously, it is the traumatic injury which causes the claimant to cease work on any particular day. As the court said in *Estep Coal Company v. Ward, supra,* "[t]he disability for which the employer is liable is that which flows from the accident and which would have flowed from the accident quite apart from the occupational disease feature of the case." See also *Young v. Sturgill*, Ky., 445 S.W.2d 442 (1969).

 The next three assignments of error can be treated together. Appellant argues that the board is precluded from making a second award, having once made the first award which was not appealed; that the Special Fund is estopped to claim credit against the first award for sums awarded for the injury because of its failure to appeal the first award; and that the claimant elected his remedy by filing the occupational disease claim first and is thus precluded from pursuing the injury claim. In this case the claimant has two separate and distinct injuries. Election of remedies occurs only when a person has two modes of redress *for a single occurrence*, which modes are contradictory and inconsistent. The claimant is one person and cannot be more than 100% disabled but he is, by law, entitled to pursue his claim for both causes. The first claim was prosecuted to a successful conclusion and there was no need for appeal by either the claimant or the Special Fund. The Special Fund is clearly within its rights to claim as credit against the previous award and its liability therefor any sums awarded to the claimant on account of his injury.

Accordingly, the judgment of the lower court is affirmed.

All concur.