**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund and John Gordon Smith, Appellants,**

v.

**ISLAND CREEK COAL COMPANY, and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

June 16, 1978.

Gemma M. Harding, Deputy Gen. Counsel for Appeals, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant Yocom.

Leland Monhollon, Madisonville, for appellant Smith.

Larry L. Johnson, William P. Swain, Thomas H. Watson, Boehl, Stoffer, Graves & Deindoerfer, Louisville, for appellees.

Before HOWERTON, GANT and WHITE, JJ.

HOWERTON, Judge.

Appellant, John Gordon Smith, developed pneumoconiosis in the course of his employment with the appellee, Island Creek Coal Company. While still working for the appellee, Smith injured his hand, thereby halting his employment. He filed a claim for the occupational disease, and was ultimately awarded $63.00 per week for 425 weeks. Before one year had expired following the date of his injury, Smith also filed a claim for total and permanent disability due to the injured hand.

The Workmen's Compensation Board entered its award for the disease, and then ordered that both claims be consolidated. The Board subsequently ordered that the injury claim be held in abeyance until the

termination of the 425 weeks. The appellant, Special Fund, was required to pay 75% of the award for the disease, and the employer was to pay 25%. Smith and the Special Fund appealed the order holding the injury claim in abeyance to the Union Circuit Court. The circuit court did not consider the consolidation of the cases and, in each action, the court affirmed the Board's order holding the injury claim in abeyance.

■ This appeal is taken from the injury case only, and the Special Fund is the only actual appellant, although Smith was added in name. Appellant Smith has made no appearance and has filed no brief on his own behalf. The appellee, Island Creek Coal Company, contends that the Special Fund has no standing in this action and cannot prosecute the claim on the grounds that the injured employee did not elect to appeal. We disagree. The Fund acquired an interest in the injury claim when it was consolidated with the disease claim, as it should have been. Appellee's argument is disposed of in the case of *Yocom v. Payne,* Ky., 512 S.W. 517 (1974), in which the court said, "The cases having been consolidated, there remains one case    . . . ."

■ The Special Fund is not asserting Smith's claim for benefits due to the traumatic injury, as alleged by Island Creek, but is attempting to mitigate its own liability for 75% of the $63.00 awarded for the disease, arguing that it is entitled to receive credit against the disease award for any sums accruing because of the injury. The employer is primarily responsible for work-caused disabilities. In the recent decision of *Peabody Coal Company v. Edgie Burkes,* Ky.App., 568 S.W.2d 50, 25 Ky.L.Summ. 5 (March 24, 1978), this Court ruled that the Special Fund is entitled to credit against its liability for all sums awarded because of a traumatic injury. The Court further held that the injury award could not be held in abeyance for the tenure of the occupational disease award. This is dispositive of the issue presented in this appeal.

■ Smith's failure to properly appeal to this Court, from either the disease award (which he had no reason to appeal since he received the maximum) or the Board's order holding the injury claim in abeyance, precludes him from receiving any greater amount than the $63.00 during the 425-week period. At the end of that time, the claimant may continue to receive what compensation, if any, the Board determines the injury alone justifies.

■ The Special Fund is entitled to be credited for any amount due and owing to the claimant as a result of the hand injury. Any reimbursement would be for the difference between what the Fund has paid and what it should have paid.

For the above stated reasons, the judgment of the lower court is reversed. The case is remanded with instructions to direct the Workmen's Compensation Board to consider the injury claim and to compute the parties' respective liabilities as set out by this opinion.

All concur.