Melvin Earl MOSS, Movant,

v.

HOLLOWAY CONSTRUCTION COMPA-
NY and Wausau Insurance
Company, Respondents.

Supreme Court of Kentucky.

Oct. 12, 1982.

Rehearing Denied Feb. 16, 1983.

Bill Graves, Owen & Graves, Paducah,
John Stanley Hoffman, King, Deep & Bra-
naman, Henderson, for movant.

Jonathan Freed, Boehl, Stopher, Graves
& Deindoerfer, Paducah, for respondents.

STERNBERG, Justice.

This is a workers' compensation action.
On October 5, 1976, movant, Melvin Earl
Moss, received a work-related injury enti-
tling him to income and medical benefits.
The award dated March 17, 1980, provides:

"Plaintiff, Melvin Earl Moss, is award-
ed and shall recover of the defendant,
Holloway Construction Company, and/or
its insurance carrier, such medical, surgi-
cal, and hospital expenses as may be rea-
sonably required for the treatment of his
injury and during disability and said de-
fendant shall take credit upon this award
for any such medical heretofore paid."

Movant commenced regular care and
treatment under Dr. Frank G. Hideg, a
chiropractor. He submitted to the respon-
dents a statement of his account with Dr.
Hideg for the period December 1978
through June 1980, in the sum of $371.
Payment was refused and movant, acting
pursuant to KRS 342.305, filed a complaint
in the McCracken Circuit Court to enforce
payment. Respondents denied liability for
said account for the reason "that the medi-
cal expenses for which the plaintiff seeks
payment is not within the scope of KRS
342.020 but is rather expenses incurred for
chiropractic services." On February 23,
1981, the trial court ordered "That the bill
of Melvin Earl Moss, to Dr. Frank G. Hideg,
in the amount of $371.00, be paid by the
defendants, Holloway Construction Compa-
ny and Wausau Insurance Company." On
appeal to the Court of Appeals of Ken-
tucky, this order was reversed. This court
granted review on February 9, 1982.

The issue presented is whether movant,
Melvin Earl Moss, having received a work-
related injury prior to June 17, 1978, can
recover from the respondents the amount of
money he expended for chiropractic services
received by him subsequent to June 17,
1978.

Movant argues that chiropractic treat-
ment constitutes health-related therapies
which became available during disability
and after the date of the compensable inju-
ry. On the other hand, respondents con-
tend that chiropractic treatments do not
fall within the statutory definition of medi-
cal treatment and that, therefore, payment
for chiropractic treatments can only be
made for work-related injuries sustained af-

ter June 17, 1978, and is not retroactive in its application to injuries received prior to June 17, 1978.

KRS 342.019 was adopted at the regular 1978 session of the Kentucky General Assembly and became effective June 17, 1978. It provides as follows:

> "Coverage of chiropractic services.—A doctor of chiropractic, licensed to practice under the provisions of KRS Chapter 312, shall have his services to employes covered by the workmen's compensation law paid for under the workmen's compensation provisions of KRS Chapter 342. An employe claiming benefits under the provisions of KRS Chapter 342 shall have the right to choose the services of a licensed doctor of chiropractic."

At the time of movant's injury, KRS 342.020 delineated the nature of the treatment compensable under the act as follows:

> "In addition to all other compensation provided in this chapter, the employer shall pay for the ... *relief from the effects of an injury* ... such medical, surgical and hospital treatment ... as may reasonably be required at the time of the injury and *thereafter during disability....*" (Emphasis added.)

The effect of the enactment of KRS 342.019 was to provide chiropractic services to employees covered by the Workers' Compensation Act and paid for under the workers' compensation provisions of KRS Chapter 342. This result overcame the provisions of KRS 342.020, which limited payment to medical treatment as defined by statute.

The purpose of the Workers' Compensation Act is to redress physical and mental injuries and damages arising from employment relationships. To effectuate its purpose, the Workers' Compensation Act may be construed liberally. *Cowden Manufacturing Company v. Fultz,* Ky., 472 S.W.2d 679 (1971). To construe KRS 342.020 as respondents would have us do would not permit movant to take advantage of new or improved corrective or curative measures or treatments. The inability of movant to recover his expenses for chiropractic treat-

ments because, allegedly, the treatments do not come within the definition of medical practice loses sight of the basic purpose of the act.

Whether KRS 342.019 is entitled to application to work-related injuries received prior to June 17, 1978, must be construed and applied so as to carry out the legislative intent and do justice both to the employer and the employee. *Kentucky Cardinal Coal Corp. v. Delph,* 296 Ky. 295, 176 S.W.2d 886 (1943). The change merely procedurally designated a new source of treatment. To deny application of this statute is to procedurally deny movant a type of treatment.

The Workers' Compensation Act is subject to legislative scrutiny and control. It is the favorite subject for legislative action at every session of the Kentucky General Assembly, where shortcomings of the act are remedied and new and necessary provisions are enacted. KRS 342.019 was intended to be applied retrospectively to work-related injuries sustained prior to June 17, 1978, as well as prospectively.

Movant having suffered a work-related injury and having been awarded such medical expenses as may be reasonably required has a right to relief from his injury as promptly and as expeditiously as possible. For this court to hold otherwise is to close our eyes to relief from pain and suffering especially when the relief was made available by the legislature in the enactment of KRS 342.019.

The decision of the Court of Appeals is reversed, and the judgment of the McCracken Circuit Court is affirmed.

AKER, CLAYTON, PALMORE and STERNBERG, JJ., concur.

STEPHENS, C.J., and O'HARA and STEPHENSON, JJ., dissent.

PALMORE, J., files herewith a separate concurring opinion.

O'HARA, J., files herewith a dissenting opinion in which STEPHENS, C.J., and STEPHENSON, J., join.

**PALMORE, Justice, concurring.**

The question in this case could reasonably have been decided either way. There is no occasion for a vindictive dissent. We simply differ as to the meaning of the word "retroactive." Had the question been whether the claimant was entitled to collect for chiropractic services rendered prior to the statutory amendment, it would have had to be answered in the negative on the basis of retroactivity. But the claim was for services rendered after the amendment, at a time when the law had been changed to recognize chiropractic services as legitimate.

I think that "medical expenses" as used in KRS 342.305 must be defined in terms of what are recognized as legitimate and reimbursable at the time the charges are incurred. I believe, moreover, that those members of the General Assembly who enacted KRS 342.019 in 1978 so intended. If the federal Food and Drug Administration were to lift its prohibition against the use of a certain medicinal drug, would a workmen's compensation claimant be denied the benefit of that drug merely because it was not considered a legitimate medicine at the time of the award? Surely not. I think that is the situation here.

**O'HARA, Justice, dissenting.**

KRS 446.080(3) clearly provides that: "No statute shall be construed to be retroactive, unless expressly so declared." The application of this statute has been upheld by case law in this Commonwealth. *See e.g., Roberts v. Hickman County Fiscal Court,* Ky., 481 S.W.2d 279 (1972); *Webster County Soil Conservation District v. Shelton,* Ky., 437 S.W.2d 934 (1969).

This decision by the majority has usurped the legislative prerogative set out in KRS 446.080(3). It is abhorrent for this court to legislate by judicial fiat. If the legislature had intended to extend workers' compensation benefits for chiropractic services to injuries incurred before the passage of this statute, it merely had to so declare.

The decision of the Court of Appeals should be affirmed.

STEPHENS, C.J., and STEPHENSON, J., join in this dissent.