**ESTEP COAL COMPANY, Appellant,**

v.

**Oscar WARD et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 24, 1967.

Jack T. Page, Pikeville, for appellant.

Kelsey E. Friend, Pikeville, Lewis Nicholls, Greenup, Robert Matthews, Atty. Gen., Frankfort, for appellees.

DAVIS, Commissioner.

The sole contention made in this workmen's compensation proceeding is the appellant-employer's claim that the award for total permanent disability should be apportioned so that one-half of the award would be paid by the employer and the other half

by the Special Fund. The Board and the circuit court rejected the claim of the employer.

On November 11, 1964, Oscar Ward sustained injuries in a slate fall while working as a coal miner for the appellant, Estep Coal Company. An agreement for compensation providing for payment of maximum benefits for forty weeks was made between Ward and his employer and approved by the Board. Subsequent developments reflected that Ward's disability from the injury he sustained on November 11, 1964, will continue permanently, or at least beyond any presently ascertainable date. Ward's motion to reopen the agreed compensation award was sustained, and it is not questioned that the evidence warranted that reopening.

Sometime after the injury of November 11, 1964, distinct manifestations of silicosis in Ward's body occurred. A separate claim for compensation based on the silicosis was filed and consolidated with the original proceeding. Medical evidence was heard to the effect that Ward is totally and permanently disabled as a result of the physical injuries he sustained on November 11, 1964, and that he is also totally and permanently disabled by reason of silicosis. The award of the Board provided that the appellant-employer should pay compensation at the maximum rate for the period beginning November 11, 1964, and continuing for 425 weeks. The award also provided recovery of compensation against the Special Fund for total disability resulting from silicosis at the maximum rate for the same period of 425 weeks beginning November 11, 1964, the award against the Special Fund to be credited with all compensation paid or payable by the employer. The Special Fund does not challenge the propriety of the award against it. The net effect of the Board's award is to impose complete liability upon the employer for permanent disability so long as the disability is attributable to the injury sustained on November 11, 1964. In the event the injury-disability ceases before the expiration of 425 weeks, then the Special Fund must pay compensation for such total disability as then persists from silicosis until the combination of payments shall have been made for 425 weeks.

In its opinion the Board pointed out that the date of the actual disability from silicosis may not be determined with any degree of precision inasmuch as Ward worked until disabled by injury on November 11, 1964. The Board determined that it had not been "conclusively proven" that Ward's silicosis resulted from exposure during his last employment; hence, any compensation based upon the silicosis must be awarded wholly against the Special Fund pursuant to KRS 342.316 (13) (a).

The thesis of appellant's position is thus presented in its brief:

"Appellant does not claim that the Workmen's Compensation law contains any express language that requires apportionment here. It is equally true that the Workmen's Compensation law does not contain any express language that places liability for payment of all of the benefits upon the employer and relieves the Special Fund of liability for benefits to the extent that the employer is paying benefits under the award against it."

We are not persuaded of the soundness of appellant's position. It is patent that the employer is solely responsible for the disability attributable solely to the accident of November 11, 1964. We are unable to perceive any basis in statute or logic which would impel the result urged by the appellant. As noted in Osborne Mining Corp. v. Blackburn, Ky., 397 S.W.2d 144:

"It is conceivable that a claimant may have a combination of injuries or an injury and occupational disease, any one of which would entitle him to maximum benefits, but no injury or occupational disease or combination thereof simultaneously causing disability will entitle him to more than the maximum benefits under KRS 342.095, because he has just

the one total and permanent disability resulting." Id. 397 S.W.2d 145.

Here, as in Osborne, the plaintiff has one total and permanent disability. The disability for which the employer is liable is that which flows from the accident and which would have flowed from the accident quite apart from the occupational disease feature of the case. We are unable to discern any statutory intent to impose liability on the Special Fund and diminish the responsibility of the employer by the fortuitous circumstance of the silicotic condition present in this case.

The judgment is affirmed.

All concur.