**John W. YOUNG, Successor to Carl Cabe, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,**

**v.**

**Grant STURGILL, Shackleford Coal Company, Old Republic Insurance Company and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 3, 1969.

Thomas R. Emerson, Martin Glazer, Dept. of Labor, Frankfort, for appellant.

Doyle & Carter, William A. Rice, Rice & Huff, Harlan, for appellees.

STEINFELD, Judge.

Grant Sturgill, a coal miner, filed claim for benefits under the Workmen's Compensation Law asserting that on July 26, 1965, he was injured in a rockfall. KRS 342.-095. Within one month he amended his claim, stating that he was totally and permanently disabled from silicosis. KRS 342.095 and KRS 342.316. The board ordered that the Special Fund be made a party (KRS 342.120) and on May 8, 1967, made an award to the claimant against his

employer "for temporary total disability for one week from and after 26 July, 1965, and thereafter for 399 weeks for 25% permanent partial disability * * *". Nothing was allowed on the claim for occupational disease. On May 29, 1967, the board reconsidered and modified its award by allowing " * * * 30 weeks temporary total disability in lieu of one week total disability * * *".

Sturgill appealed to the circuit court, still contending that he was totally and permanently disabled by occupational disease and the coal company cross-appealed asserting that the board was without right to change its original award. The circuit court reversed and " * * * remanded to the Workmen's Compensation Board with directions that it enter an award to the effect that the plaintiff is totally and permanently disabled as a result of industrial disease, namely, silicosis." It found it unnecessary to make the determination requested by the cross-appeal. From that circuit court judgment only the Special Fund appeals. We affirm in part and reverse in part.

Sturgill, age 56, had worked in several coal mines for a total of 39 years during which time he had been exposed to silica containing dust. On July 26, 1965, after working for Shackleford Coal Company as a motorman for one and one-half years he was struck by falling rock. The parties stipulated all the jurisdictional requirements for establishing a claim of occupational disease with the exception of medical proof as to its existence and resulting disability.

■ The employer apparently has abandoned its contention that the board was without authority to correct its holding of May 8, 1967, by the amended award entered May 27, 1967, as it has not appealed here or filed brief in this court. No one contends, nor can it reasonably be contended, that there was insufficient evidence of probative value to support the finding of the board that Sturgill was 25% disabled as a result of

the rockfall. The lower court was in error in disturbing that holding.

With respect to the claim of total disability by reason of occupational disease Sturgill testified that because of his lungs and trouble in breathing he could do nothing. Dr. Boyce E. Jones, a specialist in chest diseases, found that Sturgill had silicosis, that the condition was permanent, that he was beyond cure and that he would not recommend him for work. He was also asked and answered:

"Q. In your opinion is this man totally and permanently disabled for work in and around coal mines where he would be exposed to dust?

A. Yes.

Q. This condition is a result of his occupational experience in the mines?

A. Yes."

■ The testimony of Dr. Jones that silicosis existed and that it prevented Sturgill from working in and around the mines, his only occupation, was uncontradicted. The evidence in totality was so strong and persuasive that as a matter of law the board was required to make to Sturgill an award of total and permanent disability. Oaks v. Beth-Elkhorn Corporation, Ky., 438 S.W.2d 482 (1969).

■ In Estep Coal Company v. Ward, Ky., 421 S.W.2d 367 (1967), the claimant had sustained a traumatic injury, left work in the mines because of it and upon examination was found to be suffering from disabling silicosis. The employer claimed " * * * that the award for total permanent disability should be apportioned so that one-half of the award would be paid by the employer and the other half by the special fund." We said that "The disability for which the employer is liable is that which flows from the accident and which would have flowed from the accident quite apart from the occupational disease feature of the case." That rationale applies here.

The board has found that Sturgill sustained a 25% disability as a result of the accident, the payment of which should not be imposed upon the special fund. Since the board must make an award of total permanent disability, it should on remand of the case to it, make a determination with respect to the apportionment, if any, between the employer and the special fund by reason of the remaining disability attributable to the silicosis. See KRS 342.-316(13) (a).

The judgment is affirmed in part and reversed in part for proceedings consistent with this opinion.

All concur.