**KYANCO COAL COMPANY, Appellant,**

v.

**James PRATER; Special Fund; Coal Miner's Pneumoconiosis Fund; and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

July 18, 1980.

William G. Francis, Francis, Kazee & Francis, Prestonsburg, for appellant.

Grayson Johnson, Hindman, Gemma M. Harding, Deputy Gen. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellees.

Before HAYES, C. J., and WHITE and WINTERSHEIMER, JJ.

HAYES, Chief Judge.

Kyanco Coal Company appeals from a judgment of the Knott Circuit Court which affirmed an opinion and award of the Workmen's Compensation Board. The Board after consolidating a claim filed by James Prater for a work-related injury and for occupational disease of pneumoconiosis or silicosis found that Prater was 75% occu-

pationally disabled as a result of the injury claim and 100% disabled as a result of the pneumoconiosis/silicosis claim. The two claims arose on the same date.

Kyanco's appeal concerns only the injury claim and its apportionment and does not challenge the occupational disease claim. Kyanco argues that the Board erred when it failed to apportion any part of the injury claim against the Special Fund and that the Board incorrectly computed the amount of the award with respect to the injury claim.

Concerning the Board's failure to apportion the injury claim the evidence is not so convincing as to compel a finding in Kyanco's favor. *Kentland Elkhorn Coal Company v. Johnson*, Ky.App., 549 S.W.2d 308 (1977) and *Wagoner v. Smith*, Ky., 530 S.W.2d 368 (1975). While Dr. Lowe testified that there was arousal of a pre-existing condition into disabling reality, Dr. Goodman testified to the contrary. Dr. Goodman's testimony provided reliable, probative evidence upon which the Board based its finding that the disability which resulted from the injury was occasioned entirely by the injury. That finding of the Board will not be disturbed. *Holman Enterprise Tobacco Warehouse v. Carter*, Ky., 536 S.W.2d 461 (1976).

Kyanco next argues that the Board erred when it awarded Prater the maximum benefit of $96.00 per week for the injury. Kyanco maintains that since the Board found that the injury resulted in 75% disability the award for the injury claim should have been reduced to $72.00. To reach this conclusion, however, Kyanco employs as a premise the fact that Prater is totally disabled as a result of occupational disease. Kyanco contends that since the injury only resulted in 75% disability it should be liable for only 75% of the benefits allowable. What Kyanco ignores is that in Prater's case 75% disability results in an award of maximum benefits of $96.00. Kyanco is liable for the benefits payable for disability resulting from the injury and which would have resulted apart from the occupational disease feature of the case. *See Estep Coal Company v. Ward*, Ky., 421 S.W.2d 367 (1967). In this case applying KRS 342.730(1)(b) 75% disability resulted in maximum benefits to Prater of $96.00. Such a result is consistent with that of *Young v. Sturgill*, Ky., 445 S.W.2d 442 (1969) which in a case involving a 25% disability from an accident and total disability from an occupational disease held that payment of the 25% disability claim on the accident should not be imposed upon the Special Fund. To hold otherwise would allow Kyanco to have its responsibility on the injury claim diminished by the occupational disease, a result which *Estep* specifically sought to avoid.

The judgment is affirmed.

All concur.