# UNITED STATES STEEL CORPORA-TION, Appellant,

v.

## John Calhoun WELLS, successor to Eugene F. Land, Commissioner of Labor and Custodian of the Special Fund, Appellee.

Court of Appeals of Kentucky.

April 8, 1983.

William A. Rice, Rice & Huff, Harlan, for appellant.

Denis S. Kline, Asst. Counsel, Dept. of Labor, Louisville, for appellee.

Before McDONALD, REYNOLDS and WILHOIT, JJ.

WILHOIT, Judge.

The United States Steel Corporation appeals from a judgment of the Harlan Circuit Court holding it liable for payment of $10.00 weekly as its share of an award for occupational disease. The appellant maintains that its share should be no more than $2.75 weekly.

The following excerpt from the trial court's judgment sets out the salient facts of this case and reaches what we believe to be the correct result:

On April 4, 1978, the Workers' Compensation Board awarded John Williams, Jr., compensation for occupational disease contracted on May 16, 1975, and for an injury suffered on February 3, 1975. Mr. Williams' claims were consolidated and an Opinion and Award was rendered. He was awarded benefits of $69.00 per week for his occupational disease and for his injury was awarded a total of $29.00 per week. The two awards exceed the statutory maximum benefit of $69.00 per week. For the occupational disease the Special Fund was apportioned 75% liability ($51.75) and United States Steel Corporation 25% liability ($17.25). The Special Fund was directed to pay the $69.00 a week award and be reimbursed by the employer for its share. For the injury payments the Special Fund was apportioned 50% liability ($14.50) and United States Steel Corporation 50% ($14.50). United States Steel Corporation was directed to pay the $29.00 a week award and be reimbursed by the Special Fund for its share.

The Board further directed that United States Steel Corporation and the Special Fund shall pay the injury claim, first taking credit on the occupational disease claim for payment on the injury claim.

When the two awards are added together they exceed the statutory maximum for the year 1975. Both awards cannot be paid in their entirety. Credit must be allowed on one award or the other in order that Mr. Williams' total benefits do not exceed the maximum allowed by statute. The controversy between the parties in this matter centers around the method by which credit for the possible overpayment is taken.

The Defendant provides a formula wherein the Company is liable to reimbursement to the Special Fund for $2.75 per week. The formula is given as follows:

|  |  | Company | Special Fund |
|---|---|---|---|
| OD | $ 69.00 | $ 17.25 | $ 51.75 |
| Trauma | – 29.00 | – 14.50 | – 14.50 |
| Net OD | $ 40.00 | $ 2.75 | $ 37.25 |

The Special Fund offers a method of calculation which would hold the Company liable to reimburse the Special Fund for $10.00 a week. The Special Fund's formula provides:

|  |  |
|---|---|
| $ 69.00 | Total allowable benefits |
| – 29.00 | Total injury benefits |
| $ 40.00 | Total occupational disease benefit |

(Total injury benefit) $ 29.00
(% of Company liable) x 50% = $14.50 (Total Co. held for injury)

(Total injury benefit) $ 29.00
(% of S.F. liable) x 50% = $14.50 (Total S.F. held for injury)
$29.00 Total injury benefit

(Total OD benefit) $ 40.00
(% of Company liable) x 25% = $10.00 Total Company held for OD

(Total OD benefit) $ 40.00
(% of S.F. liable) x 75% = $30.00 Total S.F. held for OD
$40.00 Total OD benefit

---

Where awards for both injury and occupational disease have been made, Kentucky courts have held that the injury claims are to be paid first. *Estep Coal Company vs. Ward,* Ky., 421 S.W.2d 367 (1967).

First we start with a total payment of $69.00. Subtracted from that is the injury payment of $29.00, leaving a total of $40.00. Of the $29.00 the Special Fund and the company are each responsible for 50% or $14.50 each. The remaining $40.00 is to be apportioned by the percentage of liability based upon occupational disease. The Special Fund is liable for 75% of the occupational disease award and the Company is liable for 25%.

Therefore, the Special Fund's liability for the occupational disease award is $30.00. The Company's liability is $10.00. The Special Fund, which has to pay the total benefits ($40.00) to the claimant under the occupational award, is entitled to reimbursement in the amount of $10.00 per week from the Company. The Company, which is required to pay the total amount of $29.00 of the injury award is entitled to reimbursement from the Special Fund for $14.50.

The appellant candidly admits that it can offer no authority to support the formula which it espouses but asserts that this formula is more logical and more consistent with the concept of allowing a credit for the

injury award against the occupational disease award. The effect of the appellant's formula, however, is to reduce its share of the occupational disease award from twenty-five percent to less than seven percent. *See* KRS 342.316(13).

The judgment of the trial court is affirmed.

All concur.