### TELEDYNE-WIRZ and John Calhoun Wells, Secretary of Labor (Special Fund), Appellants,

v.

### Erma J. WILLHITE and Workers' Compensation Board, Department of Labor, Appellees.

Court of Appeals of Kentucky.

Jan. 17, 1986.

Rehearing Denied March 21, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 24, 1986.

Allen Weiss, Louisville, for appellant Teledyne-Wirz.

Gemma Harding, Louisville, for appellant John Calhoun Wells.

Robert M. Lindsay, Louisville, for appellee Erma J. Willhite.

Before DUNN, McDONALD and WILHOIT, JJ.

WILHOIT, Judge.

This is a joint appeal taken by an employer and the Special Fund from an adverse ruling against them by the Carroll Circuit Court in a workers' compensation action.

On August 5, 1980, the appellee Erma Willhite suffered an injury to her back while working for her employer, Teledyne-Wirz. A claim was filed with the Workers' Compensation Board and after a hearing, the Board concluded that Mrs. Willhite was 100% occupationally disabled, but that 50% of her injury was the result of a prior noncompensable injury. The Board apportioned liability of 10% to the employer as being attributable to the injury on August 5, 1980; 40% to the Special Fund as the result of the arousal of a dormant, nondisabling disease or condition into disabling reality; and 50% to the noncompensable occupational disability which existed prior to the injury. The Board stated that the employer, and the Special Fund were to pay weekly benefits to the claimant "for so long as she is so disabled." The circuit court affirmed the Board's decision.

On appeal, the Special Fund and the employer both contend that the claimant should not get lifetime benefits, but that according to KRS 342.730(1)(b) she should only get benefits for 425 weeks since the injury resulted only in partial disability. Their position is that there is only 100% occupational disability when the preexisting disability (50%) is added to the disability resulting from the injury (50%), and that since preexisting disability is noncompensable, it should not be included when determining whether there was total disability.

The appellants are confusing the determination of disability payments, dealt with by KRS 342.730, with apportionment, dealt with in KRS 342.120. The two statutes serve separate and distinct purposes. *See Transport Motor Express, Inc. v. Finn,* Ky., 574 S.W.2d 277 (1978). The *Finn* case sets forth a two-step procedure for determining the final amount of income benefits to be paid a claimant in a workers' compensation action. The first step is to find the claimant's "combined disability figure" under either KRS 342.730(1)(a) or KRS 342.730(1)(b). *Finn* at 281. The legislature has not defined how "total disability" is to be arrived at for purposes of KRS 342.730; however, the Kentucky Supreme Court has stated "the proper approach, whether the disability is total … or partial is to employ the methodology of KRS 342.730 to determine the amount to which the claimant is entitled *by the whole of his disability.*" *Finn* at 281 (emphasis added). Therefore, the key factor to be considered when deciding whether to use KRS 342.730(1)(a) or KRS 342.730(1)(b) is whether the Board finds the claimant to be totally disabled or just partially disabled. When there is total

disability, the method for computing benefits is KRS 342.730(1)(a). *Finn, supra; Sovereign Coal Corp. v. Adkins,* Ky.App., 690 S.W.2d 129 (1985).

■ The second step set forth in the *Finn* case is to apportion the responsibility for the payment of an award under KRS 342.120. *Young v. Fulkerson,* Ky., 463 S.W.2d 118 (1971), delineates the correct procedure to be followed under KRS 342.-120. It is at this point that the portion of the disability which is attributable to a prior condition or injury is excluded. *See Finn* at 282. Therefore, it is clear that even though a claimant had a noncompensable occupational disability which existed prior to the injury, this prior disability is *not excluded* when determining whether there was "total disability" for the purposes of KRS 342.730(1)(a) but is *later* excluded in the apportionment process.

■ In the present case, the Board found that the claimant was "suffering an occupational disability of 100%" thereby making KRS 342.730(1)(a) applicable. Pursuant to that statute, it multiplied the statutory percentage times the claimant's average weekly wage arriving at an amount of $91.86. It then apportioned this amount, pursuant to KRS 342.120 and *Young v. Fulkerson, supra,* as follows: $9.19 to be paid by the employer (10% x $91.86); $36.75 to be paid by the Special Fund (40% x $91.86); the remaining $45.94 was noncompensable since it was due to an occupational disability which existed prior to the injury. Under the law which was in effect at the time of the injury, the Board followed the correct procedure in determining the income benefits to be paid to the claimant. Since the Board found the claimant to be totally disabled, it properly ordered the income benefits to be paid for so long as she was disabled. KRS 342.730(1)(a); *Sovereign Coal Corp., supra.*

The judgment of the circuit court is affirmed.

Further, pursuant to 2.(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.