**RIDGEWAY COAL COMPANY, Appellant,**

v.

**Alonzo CHURCH; John Calhoun Wells, Secretary of Labor Cabinet (Special Fund) and Workers' Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Sept. 26, 1986.

William J. Baird, III, Pikeville, for appellant.

Kelsey E. Friend, Pikeville, David R. Allen, Labor Cabinet, Louisville, for appellees.

Before HAYES, C.J., and GUDGEL and HOWERTON, JJ.

HAYES, Chief Judge:

This is an appeal from a decision of the Workers' Compensation Board finding the claimant, Alonzo Church, 100% occupationally disabled and apportioning liability for the award as follows: (1) 20% to the employer; (2) 20% noncompensable; and (3) 60% to the Special Fund. The employer complains of the manner of calculating benefits based upon the above percentages. We find *Sovereign Coal Corporation v. Adkins*, Ky.App., 690 S.W.2d 129 (1985), and KRS 342.730 to be dispositive of this appeal and accordingly we affirm the judgment of the circuit court.

The appellant/employer asks us to limit the holding in *Sovereign Coal* to cases involving simultaneous awards totalling 100% disability. We cannot discern any reasonable distinction between two partial awards rendered simultaneously and awards rendered at different times. As stated in *Sovereign Coal*, we are bound by the method of computation set out in *Transport Motor Express, Inc. v. Finn*, Ky., 574 S.W.2d 277 (1978), reiterated in *River Coal Co. v. Mullins*, Ky., 594 S.W.2d 875 (1980), which hold that:

> [T]he employer and the Special Fund [should] each be required to pay a share of the whole award based upon the ratio that their assigned percentages of disability bear to each other[.]

*Sovereign Coal* at 131.

Our decision on this issue finds support in the recent case of *Teledyne-Wirz v. Willhite*, Ky.App., 710 S.W.2d 858 (1986) (discretionary review denied June 24, 1986), which provides an excellent and detailed exposition of the statutes under which the amount of benefits is determined (KRS 342.730) and by which liability for payment of those benefits is apportioned (KRS 342.-120). We can add little, if anything, to this clear explanation of the procedure to be followed in applying the statutes in question.

The judgment of the Pike Circuit Court is affirmed.

Further, pursuant to 2.(a) of the Order designating the Case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.