Carol M. PALMORE, Secretary of Labor Cabinet (Special Fund), Appellant,

v.

Henry FRANCE, A & K Coal Company and Workers' Compensation Board, Appellees.

No. 88-CA-2142-S.

Court of Appeals of Kentucky.

Dec. 8, 1989.

Case Ordered Published by Court of Appeals Feb. 2, 1990.

Cathy Utley Costelle, Labor Cabinet, Louisville, for appellant.

Janet Stumbo, Phillip G. Taylor, Prestonsburg, and George C. Perry, III, Paintsville, for appellees.

Before DYCHE, GUDGEL and REYNOLDS, JJ.

REYNOLDS, Judge.

This is an appeal from a Martin Circuit Court judgment which affirmed an opinion and award of the Workers' Compensation Board.

This record arises from the consolidated workers' compensation claims of Mr. Henry France that sought occupational disability due to a combination of a back injury and the occupational disease of coal workers' pneumoconiosis.

The old Board's opinion and award determined that Mr. France had 40% partial occupational disability as a result of the injury and this award was apportioned equally between the employer, A & K Coal Company, Inc., and the Special Fund for a term of 425 weeks. By the same opinion and award aforesaid, the Board found Mr. France had a total occupational disability as a result of pneumoconiosis. Apportionment was based on multiple exposure in accordance with KRS 342.316 and was apportioned 75% to the Special Fund and 25% to the employer.

■ Appellant's petition for reconsideration maintained that the Board had not properly merged the two awards into one and with both awards running open-ended. Appellant maintains that it was error not to determine Mr. France to be totally/occupationally disabled as a result of the combination of occupational disease and the injury. The effect of the Board's awards was to find the employee to be 140% disabled.

We determine that the benefits, in this case, should be calculated under KRS 342.-730(1)(a) and for the entirety of the components of Mr. France's disability which includes both the injury and the occupational disease. Such a method of calculation is reasonably required under the principles set forth in *Teledyne–Wirz v. Willhite,* Ky. App., 710 S.W.2d 858 (1986) and *Sovereign Coal Corp. v. Adkins,* Ky.App., 690 S.W.2d 129 (1985). We find that the first step herein would be to determine Mr. France's combined disability figure. *See Transport Motor Express, Inc. v. Finn,* Ky., 574 S.W.2d 277 (1978).

Insofar as Mr. France is totally disabled, benefits are calculated pursuant to KRS 342.730(1)(a) and which benefits run for life. The components of the disability are to be apportioned as to the amount due to the injury and the amount due to the occupational disease. When the extent of the disability has been determined, calculations between the injury and the occupational disease as relates to the employer and to Special Fund are to be made as set forth in *United States Steel Corporation v. Wells,* Ky.App., 650 S.W.2d 264 (1983). It was error to award the employee both total disability under KRS 342.730(1)(a) and under KRS 342.730(1)(b). The Board, having determined that Mr. France incurred a 40% occupational disability as a result of injury

and 100% disability due to occupational disease, and both disabilities began on December 11, 1984, we hold that the disabilities merge into a total disability and both claims are to run for life and be calculated by using the statutory maximum for total disability.

After awarding benefits for total disability, the next step is making the apportionment. An injury award or the part attributable thereto is paid first in accordance with *Estep Coal Co. v. Ward,* Ky., 421 S.W.2d 367 (1967). The employer herein, according to the Board determination of liability, is responsible for 20% of the statutory maximum for the injury and the Special Fund is responsible for 20% of the statutory maximum (the Board having determined a 40% partial occupational disability). The 40% shall be subtracted from the total disability of 100%, thus arriving at a 60% occupational disability based upon the occupational disease. Fifteen percent of the statutory maximum is to be paid by the employer and 45% is to be paid by the Special Fund. Thus, as a result of the merger, and by following *Teledyne–Wirz, supra* the employer pays 35% during disability and the Special Fund pays 65%.

The judgment of Martin Circuit Court affirming the opinion and award of the "old" Workers' Compensation Board is reversed. This case is remanded to the new Workers' Compensation Board for the computation of an award consistent with the procedure set out in this opinion.[1]

GUDGEL, J., concurs.

DYCHE, J., dissents.

---

1. The old Workers' Compensation Board is no longer in existence and the current appeal procedure of workers' compensation cases omits the circuit court.