**Larry D. BEALE, Director of Special Fund, Appellant,**

v.

**Harold Junior ROBINSON; Nally & Hamilton Enterprises, Inc.; Old Republic Insurance Company; Thomas A. Nanney, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**NALLY & HAMILTON ENTERPRISES, INC. and Old Republic Insurance Company, Appellants,**

v.

**Harold Junior ROBINSON; Larry D. Beale, Director of Special Fund; Thomas A. Nanney, Administrative Law Judge, and Workers' Compensation Board, Appellees.**

**No. 91–SC–161–WC, 91–SC–176–WC.**

Supreme Court of Kentucky.

June 6, 1991.

As Modified March 3, 1992.

Rehearing Denied March 12, 1992.

David R. Allen, Atty. for Special Fund, Louisville, for Larry D. Beale, Director of Special Fund.

Gayle G. Huff, Rice, Huff & Hendrickson, Harlan, for Nally & Hamilton Enterprises, Inc. and Old Republic Ins. Co.

Cawood Smith, Smith & Ford, Harlan, for Harold J. Robinson.

OPINION OF THE COURT

On April 2, 1985, appellee, Harold Junior Robinson (Robinson), suffered a work-related injury and also was last exposed to the hazards of pneumoconiosis. There was no evidence that the disability from occupational disease arose at any other time. He was awarded temporary, total disability benefits from April 2, 1985 through December 24, 1985, and 30% permanent, partial disability benefits for 425 weeks thereafter as a result of the injury. KRS 342.-730(1)(b). The employer, Nally & Hamilton Enterprises, Inc., was liable for the entire award. Appellee also was awarded 50% permanent, partial disability benefits for 425 weeks from April 3, 1985 as a result of pneumoconiosis. KRS 342.316(1)(b). That award was apportioned 75% to the Special Fund and 25% to the employer.

Robinson appealed, asserting that payment of the occupational disease award should begin on December 25, 1985, rather than on April 3, 1985, because according to KRS 342.730(1)(b), an award for a permanent, partial disability, which follows a period of temporary, total disability, is paid for a full 425 weeks following the period of temporary, total disability. To run the occupational disease award concurrently with the 38–week period of temporary, total disability would result in a loss to Robinson of 38 weeks' worth of occupational disability payments because he could not receive more than total disability benefits at a given time. KRS 342.730(1)(b); *Estep Coal Co. v. Ward,* Ky., 421 S.W.2d 367 (1967). *U.S. Steel v. Wells,* Ky.App., 650 S.W.2d 264 (1983); *Island Creek Coal Company v. Davis,* Ky.App., 761 S.W.2d 179 (1988).

The Workers' Compensation Board (Board) affirmed the Administrative Law Judge (ALJ). The Court of Appeals reversed,[1] in a two to one decision, stating that KRS 342.316(1)(b), which determines the date on which occupational disease benefits are to begin, long antedates the 1982 (sic) amendment to KRS 342.730(1)(b). The General Assembly was, therefore, aware of this provision when it amended KRS 342.730(1)(b) to allow permanent, partial disability awards to run for a full 425 weeks after a period of temporary, total disability. No exception was made in KRS 342.730(1)(b) for occupational disease awards; therefore, the occupational disease award should be paid for a full 425 weeks beginning on December 25, 1985, rather than on the date of the last injurious exposure. We disagree.

When this claim arose, KRS 342.316 governed the specifics of an occupational disease claim; however, KRS 342.730 governed the amount and duration of income benefits both for injury and for occupational disease claims. KRS 342.316(4). In 1980, KRS 342.730(1)(b) was amended to allow a worker who had suffered from a period of temporary, total disability to receive thereafter a full 425 weeks of benefits for any residual permanent disability. *Acts,* 1980, Chapter 104, § 15. Such a pattern of temporary, total disability followed by permanent, partial disability is characteristic of physical injury but is not found with pneumoconiosis, a disease which may progress but does not regress. It is noteworthy that KRS 342.732, enacted in 1987 specifically to govern the award of income benefits for pneumoconiosis, makes no provision for a period of temporary, total disability; whereas, KRS 342.730(1)(b), which continues to govern income benefits for injury cases, retains the provision of the 1980 amendment.

The language of the statutes before us is clear. KRS 342.730(1)(b) requires that permanent, partial disability payments be made for 425 weeks from the date of disability; that a period of temporary total disability shall extend the 425-week period; and that no weekly benefit greater than that for total disability shall be paid. On the facts before us, KRS 342.316(1)(b) requires that payments for income benefits related to pneumoconiosis begin on the date of the last injurious exposure. KRS 342.316(4) provides that the general provisions of the workers' compensation act govern the amount, time, and manner of income benefits for occupational disease. It also provides that such payments commence on the date of the last injurious exposure.

In this case there were two distinct claims for two distinct disabilities. One claim involved a period of temporary, total disability, and one did not. One claim was governed by KRS 342.316(4), and one was not. The ALJ structured the award both to take account of each disability and to comply with the provisions of each statute. The result is neither absurd nor unreasonable, and we find no reason to alter that result. *See, Bailey v. Reeves,* Ky., 662 S.W.2d 832 (1984).

Accordingly, the decision of the Court of Appeals is reversed, and the decisions of the Administrative Law Judge and the Workers' Compensation Board are hereby reinstated.

All concur except REYNOLDS, J., who is not sitting.

1. See Appendix for a chart which summarizes the decisions of the lower court.

## APPENDIX

**ALJ and BOARD**

Injury Claim:
```
4/2/85            12/24/85
|   38   wks.        |                           425   wks.
|——————————————————|————————————————————————————————————————————→
Temp., total              30% perm., partial disability
   disab.
```

Occupational Disease Claim:
```
   425   wks. - 50% permanent, partial disability
4/2/85           12/24/85
|   ·   38   wks.   |.          387   wks.
|——————————————————|————————————————————————→
(Not paid because              (Paid)
claimant receives
total disability
due to injury)
```

**COURT OF APPEALS**

Injury Claim:
```
4/2/85           12/24/85
|   38   wks.        |                           425   wks.
|——————————————————|————————————————————————————————————————————→
Temp., total              30% perm., partial disability
 ·disab.
```

Occupational Disease Claim:
```
4/2/85              12/24/85   ·
|   38   wks.        |                           425   wks.
|——————————————————|————————————————————————————————————————————→
(No payments on           50% perm., partial disability
claim)
```