Vicki G. NEWBERG, Acting Director of
Special Fund (Successor to Larry
D. Beale), Appellant,

v.

Abel PARSONS; Hobart Mining Compa-
ny; Donna H. Terry, Administrative
Law Judge; Workers' Compensation
Board, Appellees,

and

HOBART MINING COMPANY,
Cross-Appellant,

v.

Abel PARSONS; Vicki G. Newberg, Act-
ing Director of Special Fund; Donna
H. Terry, Administrative Law Judge;
and Workers' Compensation Board,
Cross-Appellees.

Nos. 91–CA–1589–WC, 91–CA–1663–WC.

Court of Appeals of Kentucky.

Oct. 30, 1992.

Case Ordered Published by
Court of Appeals Feb. 12, 1993.*

As Modified April 23, 1993.

John E. Stephenson, Joel D. Zakem,
Louisville, for appellant.

Woodrow W. Burchett, Prestonsburg, for
Abel Parsons.

Benita J. Riley, Prestonsburg, Phillip G.
Taylor, Middlesboro, for Hobart Mining.

Before GARDNER, HAYES and
JOHNSON, Judges.

JOHNSON, Judge.

The issues on appeal are when payment
of a workers' compensation award for an
occupational disease claim should begin,
and whether the claimant is totally dis-
abled. The factual history of the case is
not in dispute; however, a brief summary
of the facts is necessary. On May 12,
1986, appellee, Abel Parsons, was injured
in a work-related accident. The record indi-
cates that Parsons sustained a fractured
left collarbone, a fractured right shoulder
blade, and a fractured spine in the lumbar
area when he was pinned between a scoop
and a bolter. Also, the record indicates
that May 12, 1986, was Parsons' last day of
work. Concomitant with Parsons' claim
based upon the work-related injury was an

---

* Judge Hayes concurred in this order prior to his
resignation of February 1, 1993. Release of the

order was delayed by normal administrative
handling.

allegation that he suffered from pneumoconiosis.

With respect to the work-related injury, the Administrative Law Judge (ALJ) determined that Parsons sustained a 20% occupational disability. The ALJ apportioned 15% (75% of 20%) to the defendant-employer, Hobart Mining Company (Hobart) and 5% (25% of 20%) to the Special Fund. Additionally, the ALJ determined that Parsons had sustained a 30% occupational disability in regard to his pneumoconiosis claim. The award allocated liability for 7½% (25% of 30%) occupational disability to the employer and 22½% (75% of 30%) liability to the Special Fund. The award based upon Parsons' injury claim was scheduled to commence September 1, 1986, and continue for as long as he was disabled for a period not exceeding 425 weeks. The award based upon Parsons' pneumoconiosis was scheduled to run from May 12, 1986, and continue for so long as he was disabled for a period not exceeding 425 weeks.

Following the ALJ's Opinion, Award and Order, Parsons and the Special Fund filed separate petitions for reconsideration. Parsons' petition for reconsideration alleged that the ALJ erred in not awarding total disability. The Special Fund's petition contended that the ALJ had failed to award for the period of temporary total disability which ran from May 13, 1986, to September 1, 1986. The result, per the Special Fund's reasoning, was that the Special Fund had failed to receive its appropriate share of credit on the pneumoconiosis claim for the period of temporary total disability payments. The defendant-employer filed a response to the Special Fund's petition for reconsideration. The response requested the ALJ to separately specify its liability for both the injury claim and the occupational disease claim in the event that the Fund's petition was granted. The ALJ overruled Parson's petition; however, the Special Fund's petition was sustained, and the award was amended. For the injury claim, the employer was determined liable for temporary total disability income benefits in the amount of $316.54 per week from May 13, 1986, to September 1, 1986. The employer was also liable for the amount of $36.61 per week (15% permanent occupational disability) from September 2, 1986, for so long as Parsons was disabled for a period of time not to exceed 425 weeks. The Special Fund was determined to be liable in the amount of $11.86 per week (5% permanent occupational disability) from September 2, 1986, for as long as Parsons was disabled for a period of time not to exceed 425 weeks. For the disease claim, the ALJ stated, in part, that

*Pursuant to Island Creek Coal Co. v. Davis, Ky.App., 761 S.W.2d 179 (1988), credit for the period of temporary total disability benefits shall be apportioned between the parties in the same proportion as the liability of the parties under KRS 342.316 for the permanent occupational disability award.*

In its Opinion, the Workers' Compensation Board (Board) determined that the ALJ had incorrectly determined May 12, 1986, (the date of last exposure) as the starting date for the occupational disease award. The Board, relying upon an unpublished Opinion of the Court of Appeals, concluded that the proper starting point for the beginning of benefits based on the occupational disease was the date on which the temporary total disability benefits ceased. Thus, the Board determined September 2, 1986, as the appropriate starting date. Because the Board reversed the ALJ's determination of the starting date, the Board determined *Island Creek Coal Company v. Davis* inapplicable.

The Board also considered Abel Parsons' claim that he was entitled to an award of 100% occupational disability. The Board determined that the ALJ had applied the proper law and that the evidence did not compel a finding of total disability.

 The first issue on appeal concerns the appropriate starting date for an award based on an occupational disease. In a case with a similar fact situation, the Supreme Court of Kentucky held that payments based on an occupational disease begin on the last date of exposure. *Beale v. Robinson*, Ky., 822 S.W.2d 856, 857

(1991).[1] Therefore, a partial disability award based on an occupational disease can run concurrently with a temporary total disability award based on an occupational disability. Hence, the ALJ correctly determined the proper starting date for commencement of the award based on pneumoconiosis. Since a person at any one time may not receive benefits that exceed total disability benefits, *Island Creek Coal Co. v. Davis* is applicable. Under *Island,* the award must be adjusted in order for the Special Fund to receive their proportionate credit that occurs due to the overlap of payments. The award is for 425 weeks; the Special Fund is to pay 75% of this, or 318.75 weeks; when the 16 weeks for which temporary total disability are paid are subtracted from 425 weeks it leaves 409 weeks; 75% of 409 weeks is 306.75 weeks. This gives the Special Fund 306.75 weeks to pay rather than 318.75 weeks. In other words, the Special Fund is receiving credit for 12 weeks, or 75% of 16 weeks of temporary total disability paid by Hobart. Hobart receives credit for the other 4 weeks which decreases its total weeks paid from 106.25 weeks to 102.25 weeks.

Therefore, the Special Fund's contention that May 12, 1986, is the proper starting date for the disease award is correct. The Board's decision should be reversed and the ALJ's determination reinstated.

■ The last issue on appeal concerns claimant's contention that the ALJ erred by applying an incorrect occupational disability standard to his injury. Claimant, as cross-appellee, states that under *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), his injuries mandated a finding of total disability.

The key to understanding claimant's complaint lies in one sentence contained in the ALJ's Opinion, Award and Order. The ALJ stated the following: "However, he (claimant) does retain the pulmonary capacity to perform manual labor, although this should be outside the dusty environment such as that found in the mining industry."

According to claimant, this language signals an error by the ALJ, for it reflects utilization of "new" law rather than the "old" law which existed at the time of the injury.

Claimant correctly identifies the rule that the case is controlled by the law in effect at the date of the injury. *McGregor v. Pip Johnson Const. Co.,* Ky., 721 S.W.2d 708 (1986); *see also Maggard v. International Harvester Co.,* Ky., 508 S.W.2d 777 (1974). However, claimant's argument must fail.

In sum, claimant's position is that the ALJ improperly considered pulmonary capacity when determining disability. Under the "new" law if a person retains the pulmonary capacity to perform manual labor, then apparently there can be no finding of total disability. The flaw in the logic is easily discovered. Even if the "new" law requires a finding of no pulmonary capacity to support total disability, it does not logically follow that under the "old" law a finding of pulmonary capacity would have mandated total disability. Although pulmonary capacity takes the status of being an element of total disability under the "new" law, it was at the very least a factor under the "old" law. Thus, under the "old" law the pulmonary capacity of a claimant could be utilized to determine the level of disability, and there is nothing inconsistent with the ALJ determining that claimant had pulmonary capacity to do manual labor and that claimant was not totally disabled.

The task of the ALJ is to make a finding on the issue of disability. Once the ALJ makes a finding which is unfavorable to the claimant, the focus is upon "whether the evidence compelled a finding in his favor." *Special Fund v. Francis,* Ky., 708 S.W.2d 641, 643 (1986) (citing *Wagoner v. Smith,* Ky., 530 S.W.2d 368 (1975)). In *Special Fund v. Francis* the Supreme Court of Kentucky stated:

If the fact-finder finds against the person with the burden of proof, his burden on appeal is infinitely greater. It is of

---

1. This is the same case that the Board had relied on from the Court of Appeals; however, the

Supreme Court reversed the Court of Appeals.

no avail in such a case to show that there was some evidence of substance which would have justified a finding in his favor. He must show that the evidence was such that the finding against him was unreasonable because the finding cannot be labeled "clearly erroneous" if it reasonably could have been made. *Special Fund v. Francis,* 708 S.W.2d at 643.

In this case both the ALJ and the Workers' Compensation Board determined that the claimant was not totally disabled. The principles of *Osborne v. Johnson* were properly applied. The evidence does not compel a finding of any greater disability so the decision of the Board affirming the ALJ is affirmed.

As to the issue of credit on the temporary total disability payments, the matter is remanded to the Board for entry of an Order providing that on the occupational disease award Hobart is to pay 102.25 weeks beginning September 2, 1986, and the Special Fund shall pay 306.75 weeks thereafter for a total of 409 weeks (425–16).

All concur.