**Vicki G. NEWBERG, Acting Director of Special Fund, Appellant,**

v.

**Gordon G. HAMMOND; Rusk Heating and Air Conditioning; Ronald L. McDermott, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 92–SC–625–WC.**

Supreme Court of Kentucky.

Nov. 19, 1992.

Mark C. Webster, Labor Cabinet—Special Fund, Louisville, for appellant.

Gregory N. Schabell, Florence, for appellee, Gordon Hammond.

Carole Meller Pearlman, Carla T. Foreman, Williams & Wagoner, Louisville, for appellee, Rusk Heating and Air Conditioning.

## OPINION OF THE COURT

Claimant, who was employed by a heating and air conditioning company, ceased working on October 9, 1987. He filed an injury claim based on evidence that he suffered from bilateral carpal tunnel syndrome, as well as an occupational disease claim based on his exposure to hazardous materials. The Administrative Law Judge (ALJ) determined that claimant had sustained a 100% occupational disability due to the injury and a 60% occupational disability due to chronic occupational bronchitis. The injury claim was to take precedence over the occupational disease claim. *Island Creek Coal Co. v. Davis*, Ky.App., 761 S.W.2d 179 (1988). Because a claimant may at one time receive no more than a total disability benefit, this ruling effectively eliminated the occupational disease award. The entire liability on the injury award was assessed against the employer, with 25% of the occupational disease award assessed against the employer and 75% against the Special Fund.

The award was affirmed by the Workers' Compensation Board (Board). On appeal the employer argued that the then recently-decided *Beale v. Shepherd*, Ky., 809 S.W.2d 845 (1991), applied. The employer's argument was, in effect, that the award for the partially disabling occupational disease should offset part of the award for the totally disabling injury. The Court of Appeals agreed and reversed the Board. We disagree and reverse the Court of Appeals.

The three cases in *Beale v. Shepherd, supra*, unlike the instant case, involved workers who were 100% disabled due to occupational disease as well as partially disabled due to a work-related injury. The issue there was whether, because the workers were totally disabled by occupational disease, *Sovereign Coal Corp. v. Adkins*, Ky.App., 690 S.W.2d 129 (1985); *Teledyne-Wirz v. Willhite*, Ky.App., 710 S.W.2d 858 (1986); and *Ridgeway Coal Co. v. Church*, Ky.App., 717 S.W.2d 510 (1986), required that the value of the partially disabling injury claim be calculated as the appropriate percent of a total disability benefit, pursuant to KRS 342.730(1)(a). The Court in *Beale v. Shepherd, supra*, noted that because each of the workers therein was totally disabled by occupational disease, it was not necessary, as it had been in the

 

above cases, to add together claims for partially disabling disease and injury in order to reach a total disability award and, thereby, to provide the totally disabled worker with lifetime benefits. Therefore, the justification for requiring that the value of the partially disabling injury claim be determined as the appropriate percent of a permanent, total disability award was not present. Furthermore, while the Court did not believe that the employer should be relieved of liability on the injury claim by the existence of the occupational disease claim, the Court recognized that the employer had an interest in not being held liable for the higher rate and lifetime duration of an award for a percentage of total disability when the underlying injury was only partially disabling. Accordingly, the Court held that,

> [I]n cases where the claimant is entitled to lifetime benefits for occupational disease, the interests of the employer must be considered, and the excess disability, which is attributable to a partially disabling injury, should be computed as for a permanent partial disability using KRS 342.730(1)(b).

*Beale v. Shepherd, supra,* at 849.

The holding of *Beale v. Shepherd, supra,* does not apply to the facts of the instant case. In the instant case, the injury award was for total, not partial, disability, and the claimant was not entitled to lifetime benefits for occupational disease. Regardless of changes in statutes controlling the amount and duration of workers' compensation benefits, the courts have consistently applied the rule established in *Estep Coal Co. v. Ward,* Ky., 421 S.W.2d 367 (1967), that where a worker is disabled by a combination of injury and occupational disease, the injury award takes precedence over the occupational disease award. *U.S. Steel Corp. v. Wells,* Ky.App., 650 S.W.2d 264 (1983); *Island Creek Coal Co. v. Davis, supra; Beale v. Shepherd, supra,* at 850.

In the instant case, the award made by the ALJ was correct. Accordingly, the de-

cision of the Court of Appeals is hereby reversed.

All concur.