**KERN'S BAKERY, Appellant,**

v.

**Sonny D. TACKETT; Hon. Robert Spurlin, Director of the Special Fund; Hon. Mark Webster, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 97–CA–0557–WC.

Court of Appeals of Kentucky.

March 13, 1998.

Stanley S. Dawson, Lexington, for Appellant.

Randy G. Clark, Pikeville, for Appellee, Tackett.

Before BUCKINGHAM, GARDNER and SCHRODER, JJ.

**OPINION**

BUCKINGHAM, Judge.

Kern's Bakery (Kern's) petitions for review of an opinion of the Workers' Compensation Board (the Board) which affirmed an opinion and award granting Sonny Tackett (Tackett) lifetime benefits for ninety-five percent occupational disability due to two injuries Tackett suffered while employed by Kern's. For the reasons set forth hereinafter, we affirm.

Tackett injured his back during the course of his employment as a route salesman for Kern's on January 12, 1995, and again on January 14, 1995. He has not worked since the second injury, and surgery was performed on his back in June 1995. Tackett had previously suffered a work-related back injury while he was employed by T & N Coal Company in 1984. He received temporary total disability payments for the 1984 injury, but he did not file an application for adjust-

ment of claim for workers' compensation benefits due to that injury.

The ALJ found that the 1984 injury was sufficient to constitute a five percent occupational disability and that "I will therefore make a lifetime award for 95% occupational disability [for the 1995 injuries]." The ALJ then awarded lifetime benefits due to Tackett's total disability. The Board affirmed the ALJ, and this appeal followed.

Kern's argues herein that Tackett was not entitled to lifetime benefits under Kentucky Revised Statute (KRS) 342.730(1)(a), but was entitled only to an award of ninety-five percent permanent partial occupational disability for 520 weeks in accordance with KRS 342.730(1)(d).[1] The relevant portions of KRS 342.730 provide:

> (1) Except as provided in KRS 342.732, income benefits for disability shall be paid to the employee as follows:
>
> (a) For total disability due to a work-related injury or occupational disease, sixty-six and two-thirds percent (66–2/3%) of the employee's average weekly wage but not more than one hundred percent (100%) of the state average weekly wage and not less than twenty percent (20%) of the state average weekly wage as determined in KRS 342.740 during that disability. Nonwork-related disability shall not be considered in determining whether the employee is totally disabled for purposes of this subsection.
>
> . . . .
>
> (d) For permanent, partial disability, if an employee sustains impairment or disability in excess of fifty percent (50%) as a result of a work-related injury or occupational disease and prior work-related active disability the compensable permanent partial disability period shall then be five hundred twenty (520) weeks from the date the impairment or disability exceeding fifty percent (50%) arises. Nonwork-related impairment or disability and claims under KRS 342.732 shall not be considered in determining wheth-

er the employee is impaired or disabled in excess of fifty percent (50%) for purposes of this subsection.

This Court held in *Teledyne–Wirz v. Willhite,* Ky.App., 710 S.W.2d 858 (1986), that "even though a claimant had a noncompensable occupational disability which existed prior to the injury, this prior disability is *not excluded* when determining whether there was 'total disability' for the purposes of KRS 342.730(1)(a) . . . ." *Id.* at 860. Kern's argues that while Tackett's lifetime award would have been appropriate under the holding of the *Willhite* case, the 1994 legislative amendments to KRS 342.730 precluded such an award for Tackett. Specifically, Kern's contends that KRS 342.730(1)(d) addresses cases such as this where the preexisting active disability is from an uncompensated work injury.

We agree with the Board as to the effect of the 1994 amendments on the *Willhite* case and adopt the Board's language on that issue as our own:

> We agree that the Legislature intended to prohibit nonwork-related disability from being combined with work-related injuries in order to determine whether an injured worker is totally disabled under KRS 342.730(1)(a); and to prohibit nonwork-related impairments to be combined with work-related injuries to determine whether an injured worker is impaired or disabled in excess of 50% for purposes of being entitled to a duration of 520 weeks disability.
>
> However, we cannot agree that the statute, as written, prohibits combining prior work-related disabilities with work-related injuries to determine either total occupational disability or whether an employee is impaired or disabled in excess of 50% in permanent partial disability cases. We believe that to the extent a prior work-related disability is being considered by the fact-finder that *Teledyne* remains alive and well.
>
> . . . .

1. KRS 342.730 was amended again in 1996. All references herein to the statutes are to the stat-

utes in effect at the time of Tackett's injury.

The key factor we must consider when deciding whether to use KRS 342.730(1)(a) or KRS 342.730(1)(d), is whether the ALJ finds the claimant to be totally or only permanently partially disabled. Here, the ALJ found Tackett to be totally occupationally disabled. In that circumstance, the method for computing benefits is appropriately under KRS 342.730(1)(a). This is exactly what the ALJ did in Tackett's case. We would note that had the ALJ found an active prior occupational disability which was nonwork-related and therefore noncompensable, the provisions of KRS 342.730(1)(d) would have been applied.

When KRS 342.730(1)(a), which deals with total disability, was amended in 1994, a sentence was added which stated: "[n]onwork-related disability shall not be considered in determining whether the employee is totally disabled for purposes of this subsection." As the prior disability suffered by Tackett in this case was a work-related disability rather than a nonwork-related disability, it may be considered in determining whether Tackett was totally disabled.

The opinion of the Board which affirmed the decision of the ALJ is affirmed.

All concur.